## LONG v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA.

### No. 8563.

Circuit Court of Appeals, Sixth Circuit.

April 11, 1941.

Charles S. Druggan, of Columbus, Ohio, for appellant.

Lee H. Kramer, of Columbus, Ohio (Hamilton, Kramer & Wiles, of Columbus, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellee insurance company issued to appellant a public liability policy, under which the insurer agreed "to indemnify the assured against loss by reason of the liability imposed upon him by law for damages on account of bodily injuries, including death at any time resulting therefrom, suffered by any person or persons not employed by the assured as the result of an accident or accidents occurring during the policy period at a location named in the Declarations or upon the sidewalks, ways or premises immediately adjacent thereto."

Among the six locations declared covered by the policy, there was named as included for a stated premium of two dollars and fifty cents ($2.50) premises 2542 Tremont Road, described as occupied by the assured as a private residence.

In this jury action, brought by appellant against appellee for indemnification on account of the satisfaction by appellant of a judgment obtained against him by Wade Cary, a motorcycle officer, for personal injuries sustained on October 30, 1933, as hereinafter described, and for reimbursement of costs and attorneys' fees incurred by appellant in his unsuccessful defense of the damage suit, the District Court directed a verdict in favor of appellee insurance company on the ground that the accident in which Cary met his injury was not covered by the above-mentioned policy.

Decision on this appeal turns upon the answer to a simple single question: Was Wade Cary injured upon sidewalks, ways, or premises, "immediately adjacent" to premises No. 2542 Tremont Road?

The insured residential property of appellant is located at the southeast corner of two public ways, Lane Avenue and Tremont Road, in the suburban village of Upper Arlington, outside the city of Columbus, Ohio. Appellant's property line runs east along Lane Avenue an approximate distance of 228 feet from the intersection with Tremont Road, which runs north and south on the west side of appellant's property.

Around five o'clock in the afternoon, the patrolman idled his motor and parked his motorcycle, facing north, on Tremont Road some distance south of appellant's property. From this point, he started after a speeding automobile which was traveling east on Lane Avenue; and, as he reached the corner of Lane and Tremont, he saw a dog come out of the west drive of appellant's premises and cross over to the Blosser place on the northeast corner of the two highways, where the animal stood still. Then, on the park strip to the north of Lane Avenue, the dog ran alongside the motorcycle officer, who was proceeding east on Lane Avenue at increasing speed.

At the Blosser driveway, the barking dog ran out into Lane Avenue in front of the motorcycle and kept ahead in the chase until the intersection of York Road with Lane Avenue, approximately 288 feet from Tremont Road, was reached. There the dog was struck by the guards on the side of the fast moving motorcycle. The impact of the collision turned the machine sideways, and the officer was thrown violently to the pavement. The dog ran away yelping and jumped a stone fence to the south.

Patrolman Cary wavered in his testimony as to whether he first observed the dog coming forth from appellant's premises.

"Q. * * * the first positive fact you are sure of is that you saw the dog in Mr. Blosser's front yard, that is a fact? A. Yes; that is the truth.

"Q. Then the dog went down to the driveway, Blosser's driveway, and then came on to the road? A. That is right."

But, inasmuch as the testimony on this review must be considered in the light most favorable to the appellant, we shall assume that, as stated by the witness Cary on direct examination, the dog when first observed by him was coming out of a driveway of appellant's premises.

Stressing the doctrine that when an insurance policy is open to two constructions, that most favorable to the insured will be adopted (Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Thompson v. Phenix Insurance Co., 136 U.S. 287, 10 S.Ct. 1019, 34 L.Ed. 408), appellant urges that, because the chase which culminated in the collision began at a location covered by the policy and merely continued to the point of accident a short distance beyond the east line of insured's property, the chase and collision must be construed as inseparable, with the sequence that the accident must be held to have occurred on ways "immediately adjacent" to appellant's property within the meaning of the policy.

The doctrine invoked applies only to cases of ambiguity in the language used in

insurance policies. In the instant case, we find no ambiguity. In the context, the words "immediately adjacent" have a distinct and definite meaning.

We think it clear that the place where the accident and resulting injury occurred determines liability under the policy. This point was some sixty feet east of the nearest portion of appellant's property immediately adjacent to the way (Lane Avenue) on which the accident occurred.

Used alone, the word "adjacent" would mean "lying near"; "adjoining" would mean "lying next"; although the words are often used synonymously. Webster's International Dictionary, 2d Ed., Unabridged; the Shorter Oxford English Dictionary; the New Century Dictionary; Funk and Wagnall's Comprehensive Standard Dictionary, 1935.

In its instant usage, the word "immediately," as defined by the New Century Dictionary, means with no space intervening, or next, as "immediately adjoining." Other lexicographers are in accord.

We think the words "immediately adjacent," as used in the insurance policy under construction, have the same natural significance as the words "immediately adjoining." Unless such construction be adopted, the word "immediately" in the present context would have no practical effect. Its express use must not be disregarded. If the insurance company had intended to cover an accident on ways adjacent to the insured premises, there would have been no occasion for using the qualifying word "immediately" in conjunction with the word "adjacent." But, inasmuch as the word "adjacent" has been actually qualified by the word "immediately," the two words used conjunctively must receive a reasonable interpretation. If policy coverage had been intended despite intervening space, the insurer would have used some such expression as "closely adjacent," or "nearly adjacent."

Although none of the following authorities are directly in point, for comparison with the case at bar, see Chas. Wolff Packing Co. v. Travelers' Ins. Co., 94 Kan. 630, 635, 146 P. 1175, 1177; City of Lawrenceburg v. Maryland Casualty Co., 16 Tenn. App. 238, 242, 64 S.W.2d 69; Tudor v. Chicago, etc., R. Co., 154 Ill. 129, 39 N.E. 136; Id., Ill.Sup., 27 N.E. 915; Maryland Casualty Co. v. Texas Fireproof Storage Co., Tex.Civ.App., 69 S.W.2d 826; Hanifen v. Armitage, C.C., 117 F. 845, 851; National Optical Co. v. United States F. & G. Co., 77 Colo. 130, 235 P. 343; Nomath Hotel Co. v. Kansas City Gas Co., 204 Mo. App. 214, 223 S.W. 975, 982.

In the last cited case, it was said: " 'Adjacent' is defined as being near or close at hand; adjoining; bordering. New Standard Dictionary. It does not at all times mean abutting, but it is usually synonymous with abutting, adjoining, and bordering. * * * It means contiguous, adjoining, lying close at hand, near. Its precise and exact meaning however, is 'determinable principally by the context in which it is used and the facts of each particular case or by the subject-matter to which it is applied.' 1 Corp.Juris. 1196. The term is a relative one, and hence is necessarily governed by the nature and circumstances of that to which it is applied."

As above stated, the words "immediately adjacent" in the present context are, in our opinion, synonymous with the words "immediately adjoining." The locus quo of the accident was not on a way immediately adjacent to the premises of the assured. There was, therefore, no policy coverage.

Since oral argument was heard, appellant has cited and we have considered the opinion of the Court of Appeals for Hamilton County in Kenney v. Occidental Ins. Co., of San Francisco, 66 Ohio App. 284, 34 N.E.2d 237, decided June 10, 1940, where it was held that an insurance policy covering a barge against loss from windstorm "while located and contained as described herein, and not elsewhere," covers damages to the barge received at another location to which it was driven as the direct and proximate result of a windstorm's breaking the barge from its moorings at the place of location named in the policy.

On its materially different facts, we think this Ohio case, which we accept as authority, does not force a conclusion adverse to that which we have reached in the case at bar.

The judgment of the district court is affirmed.