**UNITED STATES**

v.

**GREAT AMERICAN INDEMNITY CO. OF NEW YORK et al.**

**No. 13568.**

United States Court of Appeals Ninth Circuit.

June 18, 1954.

**18**

William B. Bantz, U. S. Atty., Frank
H. Freeman, Asst. U. S. Atty., Spokane,
Wash., for appellant.

Witherspoon, Witherspoon & Kelley,
Edge, Davenport, Edge & Daly, Harry
T. Davenport, Spokane, Wash., for appellees.

Before HEALY, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

The United States of America owns a building in a place known as Coulee Dam, Washington. This building is occupied in part by agencies of the United States and the remaining part is leased to various tenants. The United States did not undertake to procure public liability insurance on the entire building but instead required each individual tenant to secure insurance for the particular space occupied. The United States was named as an assured in the various policies.

The building is divided into two separate parts by a solid brick wall. On the east side of the wall is a grocery store insured by appellee Great American Indemnity Company of New York, hereafter Great American. Located in the west portion of the building on a mezzanine floor entirely separate from the stores occupying the street floor is a beauty shop insured by appellee General Accident Fire and Life Assurance Corporation, hereafter General Accident. Also located on the mezzanine floor were offices occupied by the United States Park Service and a lodge hall.

Roosevelt Avenue is situated on the north side of the building and the sidewalks thereon are used by the general public and patrons and occupants of the stores and offices in the building, including persons using the mezzanine floor. The sidewalk and stairway to the mezza-

nine were under the control of the United States.

A Mrs. Phillips, after patronizing the beauty shop, left the building and fell on the sidewalk at a point two or three feet in front of the entrance to the mezzanine stairway. She brought suit against the United States and recovered a judgment. The United States in the instant action is seeking indemnity from appellees.

Appellees disclaim liability on the ground that the policies of insurance issued by them do not cover the place where the accident occurred. The District Court agreed with appellees' contention and entered a summary judgment in their favor. We think the trial court correctly determined the issue.

Both insurance policies contain almost identical provisions defining the area insured. The Great American policy covering the grocery store defines the insured premises as follows:

"The unqualified word 'premises' wherever used in this Policy shall mean: (1) the premises designated in the Declarations including buildings and structures thereon and *the ways immediately adjoining* and (2) any premises alienated by the Named Assured." (Emphasis added.)

The General Accident policy on the beauty shop provides as follows:

"Premises—The unqualified word 'premises' wherever used in this policy shall mean the premises designated in Item 4 of the declarations including buildings and structures thereon and *the ways immediately adjoining*." (Emphasis added.)

The fall did not occur in any part of the premises occupied by the grocery store or the beauty shop. The question then posed is: Did Mrs. Phillips fall on a way "immediately adjoining" either or both premises?

Although appellant contends otherwise, we find no necessity to invoke the familiar rule that ambiguities in an insurance contract must be resolved

against the insurer. The words "immediately adjoining" are unequivocal and have a definite and certain meaning. "Adjoining" used in its usual and ordinary sense means touching or contiguous, in contact with, as distinguished from lying near or adjacent. Webster's International Dictionary, Unabridged (2d Ed.1936); Black's Law Dictionary (3rd Ed.1933); Long v. London & Lancashire Indemnity Co. of America, 6 Cir., 1941, 119 F.2d 628. The words "adjacent" and "adjoining" are sometimes incorrectly used interchangeably to mean lying close to or near. But when "adjoining" is coupled with the word "immediately", unquestionably the word is used, as here, in its most restrictive sense. Charles Wolff Packing Co. v. Travelers' Insurance Co., 1915, 94 Kan. 630, 146 P. 1175.

In the case of the General Accident policy, it is manifest that the sidewalk in front of the mezzanine entrance was not touching or in contact with the beauty shop. The fall occurred on the street level many feet below the beauty shop and separated by a stairway used by all the occupants of the mezzanine floor and over which the owner of the shop had no control. While the entryway and the hall immediately outside the beauty shop may well be included within the phrase "ways immediately adjoining", it would be totally unreasonable to say that coverage extended down the stairway and out onto the sidewalk.

Turning to the Great American policy, it is equally clear that the point on the sidewalk where Mrs. Phillips fell was not touching or in contact with the grocery store. She fell some 35 feet west of the nearest entrance to the grocery store and the common passageway used by the occupants of the east portion of the general store building. The general plan of the United States and the insurance companies was to insure only specific portions of the building leased to various tenants and not the entire building. We conclude, therefore, that the policy in question was not intended to and does not cover the sidewalk surrounding the entire building. The restrictive words "ways immediately adjoining" embrace at most that portion of the sidewalk abutting or touching the grocery store. The place of the fall being several feet west of the nearest corner of the grocery store, it was not within the terms of the policy.

Judgment affirmed.