James S. Brown, J.
TMs is an action for a declaratory judgment determimng the plaintiff’s liability under a policy called a “ Manufacturers and Contractors’ Liability Policy.” TMs type policy is not to be confused with an automobile liability policy, or a garage liability policy or an owners’, landlords’ and tenants’ liability policy.
*953 The parties have submitted a written stipulation of the facts together with initialed pictures of the scene of the accident in question and also a diagram showing the exact place where that collision occurred. All of the parties hereinafter mentioned are made defendants in this declaratory judgment action. It appears that one Mae De Corte was in an automobile, standing parked at a curb, when a second automobile ran into the rear of the De Corte automobile. The second automobile was owned by Vito Pollina and Thomas Pollina, doing business as North American Auto School. This second automobile had evidently been left for some reason at the service station of the insured, viz., John B. Tamburello, doing business as Ridgecentre Service Station. That automobile was driven off the service station by one Martin Woeffel, an employee of the insured service station. The De Corte automobile was parked in front of a poultry market which was next door to the service station. The rear of the De Corte automobile was between 20 and 25 feet north of the northerly boundary line of the service station.
It is the position of the plaintiff insurance company that since such collision took place off and away from the premises of the service station, and not on ways immediately adjoining, it was not covered by the policy in question, which contained the following pertinent provisions: “ Insuring Agreements. 1. Coverage A — Bodily Injury Liability to pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at anytime resulting therefrom, sustained by any person or persons caused by accident and arising out of the hazards hereinafter defined. * * * Definitions of Hazards. Division 1. Premises — Operations. The ownership, maintenance or use of the premises, and all operations which are necessary or incidental thereto. * * * III. Definition of ‘ Insured.’ The unqualified word ‘ Insured ’ wherever used includes not only the named Insured but also any partner, executive officer or director thereof, while acting within the scope of his duties as such. “ Exclusions. This policy does not apply: (a) under Division 1 of the Definition of Hazards, to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles * * * if the accident occurs away from the premises * * * . Conditions * * * C. Premises Defined. The unqualified word ‘ premises ’ wherever used in this policy shall mean (a) the premises designated in the declarations and other premises of which the named Insured acquires ownership or which he rents during the policy period, including buildings and structures thereon and the ways immediately adjoining and (b) other places *954 while used by or on behalf of the named Insured, except premises owned or rented by the named Insured and except public ways used in common with others.”
The “ Declarations ” of the policy show the named insured was “ John B. Tamburello ” individually and that the “ Premises-operations location of premises ” and “ classification of operations ” were “ 54-51 Myrtle Ave., Ridgewood, Queens Co., N. Y. Gasoline or Oil Supply Stations Retail.”
As to the status of Martin Woeffel under this policy, the pertinent provision thereof reads: “ III. Definition of ‘ Insured.’ The unqualified word ‘ Insured ’ wherever used includes not only the named Insured but also any partner, executive officer or director thereof, while acting within the scope of his duties as such.”
Since it is conceded in the filed written stipulation that Woeffel was at all times only an employee of the service station, I find that Woeffel is not an “ insured ” under the terms of this policy and the plaintiff insurance company is not obligated to defend him.
The obligation of the insurance company to defend Tamburello depends upon whether the collision occurred at a point included within the area covered by the policy, i.e., on the premises of the service station or on the “ ways immediately adjoining.” The insurance company contends that the phrase “ ways immediately adjoining ” must be defined to include that area and only that area contained within the geometrical figure formed by the intersections of the building line of any premises in question, the extensions (from each end of that building line) of the lot lines of such premises and either the curb line or the building line across the street from the premises in question. To illustrate that point, it has submitted in its brief a diagram showing insured’s premises, the sidewalk immediately in front, the entire roadway in front and also the opposite sidewalk across the street from the premises.
The court has not been able to find a case in point in this State but the authorities referred to below seem to bear out the contentions of the plaintiff insurance company.
In Cristal v. American Cas. Co. (107 N. J. L. 394,397) the Supreme Court of New Jersey held that “ public ways immediately adjoining ” included both sidewalks and the roadway between. In so holding, the court said: “ Belmont avenue is a single public way from one exterior line thereof to the other, and, where the accident happens upon any part of the street immediately in front of the property described in the policy, it is an accident which happens upon a public way immediately adjoining that property.”
In Public Service Mut. Ins. Co. v. Jacobs (161 N. Y. S. 2d 791, 794, affd. 282 App. Div. 1041) where the accident happened in the roadway immediately in front of the premises, the court referred *955 to the Cristal case as follows: “ While this decision is not controlling authority for this court, it is subject to no logical infirmity and does no outrage to the language of the policy. It is therefore followed.” The phrase “ immediately adjoining ” or “ immediately adjacent ” has been construed to limit liability to that portion of the highway which bounded the insured premises. (Connolly v. Standard Cas. Co., 73 N.W. 2d 119 [S.D.]; Long v. London & Lancashire Ind. Co. of America, 119 F. 2d 628.) The court agrees with the definition given in the above-mentioned cases to the phrases “ ways immediately adjoining ” and “ ways immediately adjacent ” and finds that the accident did not happen at a point included within the area covered by the policy.
The court can extract no significance from the fact that Woeffel began to move the vehicle while it was on the gas station or in its driveway. In the case of Lieberman v. New Amsterdam Cas. Co. (284 App. Div. 1051) cited in reference to this point, an automobile hub-cap which a station operator had replaced for a customer, fell off later while the vehicle was being driven at a place away from the station. There the court stated: “ In our opinion, Bracco’s accident was caused by the hazard insured against (the negligence of plaintiff at his place of business) and the fact that the accident occurred away from plaintiff’s premises does not bring it within exclusion ‘ (a) ’ of the policy.” That case is distinguishable from the one at bar and has no application here. The same is true concerning American Employers Ins. Co. v. Goble Aircraft Specialties (205 Misc. 1066) where it was held that under a general liability policy excluding from coverage accidents occurring while insured watercraft was away from assureds’ premises, insurer would be liable for wrongful death sustained when watercraft capsized several miles away from assureds’ premises if dispatching of watercraft from premises despite adverse weather warnings caused the accident, since one of the wrongful acts charged is the dispatch of the boat from the slip despite adverse weather warning. In reference to this point the court in that case stated on page 1072: “ If this be proven and causal relationship established, it is of no import where the resulting accident took place, because the negligence charged is within the hazard insured (Youghiogheny & Ohio Coal Co. v. Employers’ Liability Assur. Corp., 114 F. Supp. 472, 475).”
Accordingly, I find that plaintiff is not obligated to defend defendant John B. Tamburello. Settle findings and judgment on notice.