James C. O’Brien, J.
Plaintiff, hereinafter called “ .¿Etna ”, issued an automobile liability policy to William Schott, who resided on the north side of Lyell Road, in the Town of Cfates, and the same was in full force and effect on December 24, 1958. On that date an automibile accident occurred in which the covered automobile was involved.
The accident was a collision between Schott’s automobile, then operated by his daughter, on the part of Lyell Road immediately in front of Schott’s said home. His daughter was *814 slowing down and about to turn the automobile left into Schott’s driveway when the collision occurred.
Two persons were injured in the collision and as a result, actions were commenced against Schott and one Edwards, owner and operator of the other car involved in the collision.
It appears that prior to the date of the accident the defendant, hereinafter called “ Fireman’s ”, had issued to Schott, and there was in full force and effect on the date of the accident, a “ comprehensive home owner’s ” liability policy, with a limit of $10,000 liability for any one accident.
On the eve of trial of the actions brought by the injured persons, plaintiff, as carrier for Schott, and Edwards’ carrier paid to the claimants in the actions then pending, $21,400, of which the plaintiff paid one half, viz.: $10,700, for which it seeks from the defendant a contribution of two sevenths thereof, viz.: $3,057.15, being an amount in the ratio of the defendant’s coverage ($10,000) to the total coverage afforded by plaintiff and defendant ($25,000 plus $10,000), and in addition, two sevenths of the plaintiff’s legal expense for defense, amounting to $898.80, viz.: $256.80, a total of $3,313.95.
The defendant asserts various defenses to plaintiff’s claim. In the first place defendant claims that since its policy concededly excluded coverage for automobile accidents unless they happened on the covered premises or on “ways immediately adjoining ”, the home owner’s policy did not cover the liability asserted in the actions brought against 'Schott and Edwards by reason of the fact that the accident did not occur on Schott’s lot but on a public highway in front of the same.
We have concluded that this defense is insufficient and that in fact the part of the public highway which is directly in front of and abutting the Schott property (covered by defendant’s policy) even though it was on the south side of the highway farthest from the front lot line, is, nevertheless, covered by the home owner’s policy, under the phrase “ways immediately adjoining ”.
Defendant concedes that if the accident had occurred on Schott’s lot, e.g., on his driveway, it would have been covered by defendant’s policy, but takes the position that since the accident happened on a public highway, it is not covered by the policy. If the defendant’s policy were intended to limit liability for an accident to one which occurred on the insured’s lot, there would be no reason to add the phrase “ ways immediately adjoining”. To this phrase we must attribute some meaning. It seems reasonable that that phrase should include the part of a public highway immediately in front of and *815 abutting the insured’s property, and particularly, as in a case like this, when the automobile involved was about to turn from the public highway onto insured’s lot. This position is supported by some authority. (Public Serv. Mut. Ins. Co. v. Jacobs, 161 N. Y. S. 2d 791; Cristal v. American Cas. Co., 107 N. J. L. 394; Long v. London & Lancashire Ind. Co. of America, 119 F. 2d 628 [C. C. A. 6th].)
In view of this determination we have concluded that the defendant is a coinsurer with plaintiff of Schott with respect to the automobile accident above mentioned and is liable for its prorata share of the damages unless one or more of the defendant’s defenses are held good. We now consider such:
Fireman’s also denies liability on the ground that although the accident happened on the 24th of December, 1958, Fireman’s received no notice of the same until May 15, 1959. This notice did not come directly from the assured but from plaintiff in the form of a letter to the defendant which the defendant actually received within a day or two after its date. This was followed by another letter from plaintiff to defendant, dated October 5, and received by the defendant October 9, 1959, at its office in Rochester, New York. Defendant’s representative, Walter Muhl, testified upon the trial that after he had received both of these letters and was aware of their contents and had communicated with the New York office of defendant, he made a determination with the authority of his New York office that there was no coverage under the home owner’s policy issued by defendant, available to Schott or the plaintiff with respect to the automobile accident hereinbefore mentioned and communicated this decision (apparently orally, by telephone) to the Rochester claims department of the plaintiff. This occurred on the 28th of December, 1959. Then and thereafter defendant declined and refused to participate in any way in the defense of the lawsuits which arose from the automobile accident.
It is true that the first notice that defendant received was more than four months after the accident occurred. Defendant claims that such a delay by the plaintiff or the assured, in giving notice to the defendant, is fatal.
Although there was no testimony on the trial to this effect, our surmise is that the reason the assured, Schott, did not notify defendant of the accident is because Schott incorrectly assumed that an automobile accident was not covered under the home owner’s policy written by defendant. There is authority for holding that delay by the assured in giving notice predicated on this assumption is not fatal. (Marcus v. London & Lancashire Ind. Co., 6 A D 2d 702, affd. 5 N Y 2d 961.)
*816 The notice to defendant, as we have said, was given by the plaintiff company and not by the assured. It is to be noted that in its oral disclaimer the defendant made no point of the tardiness of the notice but took the position that its refusal to participate in the defense or assume any liability was predicated solely upon lack of coverage under the policy because of the place where the accident occurred.
When the defendant in fact did receive notice and had made up its mind that it did refuse to participate in the defense or to assume any liability (this was on or about Dec. 28, 1959) defendant was- obligated by subdivision 8 of section 167 of the Insurance Law, to send to the assured and the plaintiff a written disclaimer of liability, containing the grounds upon which the defendant denied liability. Defendant never sent any written disclaimer.
Defendant by failing to comply with the requirements of the Insurance Law, by giving a written disclaimer, has waived the delay on the part of the assured and plaintiff in giving notice of the accident. (Wallace v. Universal Ins., 227 N. Y. S. 2d 999; Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co. of N. Y., 269 App. Div. 31; Ohrbach v. Preferred Acc. Ins. Co. of N. Y., 227 App. Div. 311.)
Defendant also denies liability by reason of the fact that no judgment was entered in the suits which it failed to defend but that in fact the plaintiff and Edwards’ carrier compromised and settled these cases without any participation in any negotiations for settlement on the part of defendant. We have concluded that since the defendant refused to participate or co-operate in the defense of these actions in any respect, that it is estopped to question the fact or the amount of the settlements and to object to paying its share thereof. On the proofs we find that the settlement was made in good faith and in the best interests of the assured and that this defense accordingly is ineffective.
Accordingly judgment is directed in favor of the plaintiff for $3,313.95 with interest from date of payment, with costs.