Willtam B. Lawless, J.
Plaintiff seeks to recover from defendant a prorata share of the expense for legal services performed and disbursements incurred in defense of an action entitled Bobert G. Wolfe v. General Mills, Herbert F. Darling and Herbert F. Darling, Jr., doing business as Herbert F. Darling, and four companion actions arising out of an accident which occurred on January 4, 1960 in Buffalo, New York. Wolfe ultimately recovered a verdict against Darling for $500,000. No cause of action was found against General Mills, Inc., and an action against Glenn L. Staff en and John K. Staff en, doing business as Fred Staff en, Jr., Trucking Co. was dismissed at the conclusion of proof by the trial court and was not submitted to the jury.
This case is submitted upon an agreed .statement of facts.
Plaintiff Allstate issued to Staffen a comprehensive liability insurance policy in the amount of $100,000 which was in effect *300 on the date of accident. Employers Mutual Liability Insurance Company issued to Darling its comprehensive general liability policy with limits of $300,000 which was in effect on the date of accident. The Allstate policy issued to Staffen undertook to pay on behalf of the insured all sums which the insured became obligated to pay because of injury caused by accident and arising out of the ownership, maintenance or use of any automobile. The policy provided the usual provisions with respect to defense, settlement and supplementary payments. Use of an automobile included the ‘‘ loading and unloading” thereof.
Defendant Employers Liability issued to Darling a policy which contained a reference to “ other insurance ”, as follows: “ Other Insurance. If the insured has other insurance against a loss covered by this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile by the insured on a cost of higher basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.”
Defendant Employers advised plaintiff Allstate on February 9, 1960 that it would furnish a defense to Darling by attorneys of its own choosing and would look to Allstate for reimbursement of all legal fees of attorneys incurred by the defendant in its said defense. Thereafter Allstate offered to accept the defense of Darling “ subject to all terms and conditions of its policy * * * without recourse on the part of Employers Mutual Liability Ins. Co. of Wisconsin for any claim which said company may allege that it has against Allstate for any expense for legal fees in connection with the defense of Darling ”. Employers accepted Allstate’s offer and thereafter Allstate retained counsel to handle the defense on behalf of Darling. Thereafter counsel performed services in the defense of the Darling action which resulted in the verdict for Wolfe against Darling described above. Upon the trial of the said action, the jury found in answer to specific questions submitted to it, that Darling was guilty of some active negligence causing plaintiff’s injury and Darling did not provide or cause to be provided the working conditions, safety devices, types of construction and materials provided in rule 23 of the Industrial Code, Board of Standards and Appeals, New York Department of Labor (12 NYCRR Part 23). The parties agree that the *301 fair and reasonable expense necessarily incurred for legal services and disbursements by plaintiff Allstate in furnishing a defense to Darling, was the sum of $8,195.07.
Prior to September 28,1962, plaintiff Allstate notified defendant Employers that it intended to appeal from the Wolfe judgment and advised Employers that it intended to file an undertaking limited to the sum of $100,000 and costs. Thereafter Employers advised Allstate that it was proceeding to arrange for a bond preliminary to an appeal from the said Wolfe judgment without prejudice and defendant Employers paid a premium in the sum of $2,734.38 for- an undertaking on appeal from said judgment which it seeks to recover by way of counterclaim in the action before this court.
After reviewing the facts of the principal litigation and the agreed statement of fact in this case, we conclude that Allstate and Employers are coinsurers and therefore plaintiff is entitled to judgment against defendant for $6,146.30 which represents defendant’s prorated share of the expense for legal services performed and disbursements necessarily incurred in the defense of Darling in the action brought by Wolfe. We concur with Allstate’s position that the negligence of Darling as determined by the jury in special findings was in violation of rule 23 of the Industrial Code and not solely in “ use ” of the Staffen truck. (See D’Aquilla Bros. Contr. Co. v. Hartford Acc. & Ind. Co., 15 A D 2d 509; Ætna Cas. & Sur. Co. v. Firemen’s Ins. Co., 40 Misc 2d 813.)
With respect to the counterclaim for the bond premium Employers paid to State Compensation pending appeal, it is noted that Allstate was required to pay the premium on $100,000, Employers on the next $300,000, and Darling on the balance for which there was no insurance We find this proper in the circumstances, and the counterclaim is dismissed accordingly.