The TRAVELERS INDEMNITY COMPANY, a Corporation, Respondent,

v.

Irvin H. BOHN, Jared Matthews, James Arthur Matthews and Doris Matthews, Appellants.

No. 55028.

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 14, 1970.

Evans & Dixon, Eugene K. Buckley, St. Louis, for respondent.

John A. Walsh, Jr., St. Louis, for appellants Matthews.

Lester W. Spilker, St. Louis, for appellant Bohn.

HENRY I. EAGER, Special Commissioner.

Plaintiff here seeks a declaration of its rights and liabilities under a "Homeowner's" policy issued by it to defendant Bohn. A trial to the Court resulted in a judgment of nonliability, rendered with findings of fact and conclusions of law. The parties have filed an agreed statement of facts, and there seems to be no controversy on any material fact or facts.

The policy in question provided personal liability coverage to the insured to a maximum of $50,000 against claims for bodily injury, with the obligation to defend suits and pay judgments; it further provided for the payment of medical and surgical expenses, in somewhat expanded terms, to or for any person who sustained bodily injury by accident on the premises, or elsewhere if caused by activities of the insured, and in certain other instances. By a specific exclusion it was provided that the foregoing coverages did not apply "to the ownership, maintenance, operation, use or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining * * *." The term "premises" was defined, in substance, as those where the insured maintained a residence and the private approaches thereto. Bohn's residence was at 407 Clark Street in Webster Groves, Missouri, and it is stipulated that the term "premises" refers to those at that address. Clark Street was and is a public way and it adjoins Bohn's residence or, as the stipulation states, it has a "common boundary" with his premises. Clark Street extends from Bohn's residence easterly to a residence designated at 607 Clark Street and beyond, before there is an intersection known as Bompart Street, and passing on through that intersection continues indefinitely, so far as our record shows.

On November 5, 1965, defendant Bohn was driving his car toward his home, westwardly on Clark Street when he struck the defendant Jared Matthews (two years old) in front of 607 Clark Street; sixteen houses and approximately 847 feet of the street intervened between Bohn's residence and the place of the collision. Jared Matthews, by his mother as next friend, filed suit against Bohn and therein he prayed for $27,500 for his injuries due allegedly to Bohn's negligence. It appears vaguely in the record that claim is also made for medical expense but that particular point is immaterial to our present consideration. Bohn had automobile liability insurance to the extent of $5,000 with another insurer and

it is agreed that this amount is to be excluded from the coverage of plaintiff under the terms of its policy, if it is held to be liable under these circumstances. The plaintiff has made all the interested parties defendants. The suit by Jared Matthews against plaintiff in the Circuit Court of St. Louis County is still pending, untried; it seems that Bohn is presently being defended therein by his other insurer, Maryland Casualty Company. No suit or suits based on derivative claims have been filed by the parents of the child, but they are defendants here.

Plaintiff alleged the substance of the foregoing facts in its petition, and prayed for a declaration of its rights and liabilities, more specifically to the effect that it was not liable to defend the suit or pay any judgment, because the injury arose out of the use of an automobile "while away from the premises of Irvin H. Bohn or the ways immediately adjoining." The defendants admitted the formal matters, but (by denials and affirmative allegations) insisted that the injury did occur on an open and public way which immediately adjoined the insured premises. Defendants also alleged that the exclusion was void as contrary to law, but that point is not briefed here. Defendants, of course, prayed declarations in their favor, specifically that the plaintiff be required to defend and to pay any judgment rendered in the pending suit. The Matthews also sought a declaration of liability on the medical coverage. Plaintiff filed a reply to the allegations of new matter. Mrs. Matthews was appointed guardian ad litem for the child. The sole issue submitted here on the merits is whether the collision and injury occurred on a *way immediately adjoining* the premises of the insured Bohn.

The trial court found, in addition to the formal matters of the coverage and its terms: the locations of Bohn's residence and the place of the accident; that Bohn had claimed liability coverage and the Matthews had claimed medical coverage; that Clark Street was an open and public street

from 407 to 607 and beyond, with no intersections between those numbered houses; that Clark Street in front of 607 Clark Street did not "immediately adjoin" the insured premises at 407 Clark Street; that the collision did not occur on the premises at 407 Clark Street or on the ways immediately adjoining. In its conclusions of law (which we shall refer to later) the Court held that the collision did not occur on a way immediately adjoining Bohn's premises, that he was not entitled to liability coverage, and that the Matthews were not entitled to medical payments, all by reason of the exclusion in plaintiff's policy. A "decree" or judgment was entered for plaintiff accordingly. Defendants filed a most extensive motion for new trial and for certain additional or amended findings; the Court adopted three of the suggested findings, namely, (1) the limit of plaintiff's coverage; (2) that in Jared Matthews' suit for damages he is claiming $27,500, and (3) that Bohn has other automobile liability insurance of $5,000. The Court also adopted one further requested finding, as amended by it, namely, "That Clark Street and the premises share a common boundary line." Thereupon the Court overruled the motion and defendants appealed.

Plaintiff has filed here a motion to transfer the cause to the St. Louis Court of Appeals for lack of jurisdiction in this Court. The only claim of jurisdiction rests upon the amount in dispute. Plaintiff takes the position that the amount ($27,500) claimed by Jared Matthews in his suit against Bohn, less $5,000, the amount of Bohn's other policy, does not establish the jurisdictional amount because, in fact, nothing may ever be recovered in that suit and, in any event, the amount of any such recovery would be wholly uncertain. Plaintiff cites the rule often stated, that the record must affirmatively show with certainty that the amount in dispute, regardless of all contingencies, exceeds $15,000. See: Republic Insurance Co. v. Hearn, Mo., 414 S.W.2d 549; Cotton v. Iowa Mutual Liability Ins. Co., Mo., 251 S.W.2d 246; M.F.A. Mutual Ins. Co. v. Quinn et al., Mo., 251 S.W.2d 633. Defendants, who took the appeal and resist the motion, rely in large part upon the line of cases holding that where a plaintiff has filed suit making a bona fide claim for more than $15,000 and loses in the trial court, the amount of his claim will be considered here as the jurisdictional amount. (See cases cited in Crouch v. Tourtelot, Mo., 350 S.W.2d 799, 803.) As extending this principle, they rely also upon Crouch, supra, and Woods v. Juvenile Shoe Corp. of America, Mo., 361 S.W.2d 694, where the same test was applied when a defendant was seeking indemnity by way of a cross-claim or a third-party petition and the appeal involved only that claim. To illustrate: In Crouch, the defendant in an automobile personal injury action had cross-claimed for indemnity against the plaintiff's husband (her driver) for whatever amount might be recovered of him. The plaintiff had sued for $25,000. The appeal involved only the cross-claim which had been dismissed, but the majority of this Court in Banc held that the amount claimed in good faith in plaintiff's petition fixed the jurisdiction. The Woods case merely followed Crouch, supra. Distinctions in the facts may be noted in Cotton, Republic and Quinn, but space does not permit a discussion of them. The present case is controlled by Crouch, but we feel that the facts here more strongly show our jurisdiction than did the facts there. In Crouch, the defendant was merely seeking indemnity; in our case the plaintiff has, in effect, by its contract placed itself *in the shoes* of the defendant Bohn and has assumed not only the duty of defending his damage suit, but of paying any judgment rendered therein (assuming that there is policy coverage, which must be determined on the merits). Plaintiff is also asking to be relieved of a liability which is stated of record to be $27,500 (less $5,000). If no suit was pending and no definite value fixed on the original claim, then plaintiff's liability might well be contingent, within the meaning of our cases. We rule that we do have jurisdiction.

So far as the merits are concerned, this case boils down to one issue, namely: did the collision occur on or away from "the

ways immediately adjoining" Bohn's premises? There is no doubt that Clark Street was a "way"; there is no doubt that it passes Bohn's residence and at that point adjoins it. There is also no doubt that sixteen houses and about 850 feet along the street intervened between Bohn's residence and the place of the injury, and that *at the latter point* the "way" certainly did not touch or adjoin Bohn's property. The trial court made rather detailed findings and conclusions, including these: that the collision did not occur on Bohn's premises or on the way immediately adjoining; that the term "ways immediately adjoining the premises" is unequivocal with a fixed and certain legal meaning, and is not ambiguous; that "adjoining" means "next to, contiguous to, in contact with"; that when the term "adjoining" is modified by the word "immediately," it is necessarily used ,in its most restrictive sense, and that the term "immediately" implies that nothing intervenes; that to fix liability here the car must have been used "on that portion of the way or street which abuts and is contiguous to the insured premises." The Court concluded that Bohn was not entitled to liability coverage for this accident and that the Matthews were not entitled to medical payments, because all such coverage was expressly ruled out by the policy exclusion.

The real contention of defendants, in their briefs and argument, is that there is coverage if the way adjoins Bohn's premises at any point. Counsel declined to argue, as being irrelevant, a hypothetical question of coverage of an accident two miles away or ten miles way on the same street, or 100 miles or more away on the same highway. They insist, however, that it is only the *way* which must adjoin, and *not* necessarily the place of the accident, that the *way* may not thus be separated into parts, and that the trial court distorted the terms of the policy exclusion when it did so. Counsel, somewhat obliquely, argue also the matter of ambiguity, saying that if the above meaning is not clear, then the policy provision is at least ambiguous and that a

construction should be adopted favorable to the insured. We shall spend no time or space on that question or the authorities discussed, for we hold that the provisions are not ambiguous. In considering this provision we may and should consider the context and the whole policy in which this coverage and its exclusion appear. Defendants say that plaintiff has unduly emphasized the title of the policy and the fact that this is "Homeowner's" insurance, asserting that this particular coverage is merely personal liability insurance. We shall not emphasize the title, but we do note that the first and basic coverage is on the *premises* at 407 Clark Street, i. e., on the dwelling, the appurtenant structures, and unscheduled personal property, insuring them against "loss by fire, lightning and other perils * * *." Coverage for "Personal Liability" and "Personal Medical Payments" follows. Various provisions and exclusions also appear, applicable to some or all coverages. While the personal liability is, at least in a sense, a separate coverage, it cannot be entirely divorced from the policy as a whole, for it appears in a policy initially applicable to specific premises. We note this for its value in construing the exclusion in question, particularly because it refers specifically to the "premises."

■ We need spend little time on definitions, although defendants' counsel argue them extensively. The correct meaning of "adjoining" seems to be: "contiguous to"; "in contact with"; or "touching." It is sometimes used loosely and incorrectly as meaning "nearby" or "adjacent." Connolly et al. v. Standard Casualty Co., 76 S.D. 95, 73 N.W.2d 119; Charles Wolff Packing Co. v. Travelers' Insurance Co., 94 Kan. 630, 146 P. 1175. But we need not consider this variance, for the authorities recognize and defendants seem to concede in their briefs that when the word "immediately" is inserted before "adjoining," the combined words are used in their most restrictive sense, and the meaning necessarily then is that *nothing intervenes*. Counsel thus

say: "The term 'immediately' implies that nothing intervenes, to quote the Court below, as amended, all *makes very eminent sense*," and further say that "ways immediately adjoining" refers to those ways "that touch or abut the premises, as does Clark Street." Whether conceded or not we find such to be the proper definition of "ways immediately adjoining."

The only question remaining is whether it is sufficient for liability that *some part* of Clark Street touches Bohn's premises, although the injury occurred elsewhere. We hold, as did the trial court, that it is not. We find, as also did the trial court but independently of it, that "ways immediately adjoining the premises" means that portion of the way or ways which abuts or touches the premises. Only one way is in issue here, namely, Clark Street, and this means that the injury must have occurred on that part of Clark Street which abuts or touches the premises. We hold that such is the clear and reasonable meaning conveyed by the provision which excludes the use of an automobile "while away from the *premises* or the ways immediately adjoining." Whether defendants agree or not, the provision contemplates the "premises" as an integral element. It simply cannot be that these words (construed with the coverage provision) would afford coverage for an injury occurring a mile, two miles, or five miles down the street. Defendants consider that question as irrelevant but we do not. Thus we, as did the trial court, reject the theory that since the *way* touches 407 Clark Street, an injury occurring anywhere on Clark Street is covered. We do not so decide because of any presumed *intent* of plaintiff, but from what we deem to be the reasonable meaning of the words in the context of the whole policy.

Defendants have cited no cases on the merits, except possibly Charles Wolff Packing Co. v. Travelers' Insurance Co., 94 Kan. 630, 146 P. 1175. Plaintiff has cited several, including: Connolly et al. v. Standard Casualty Co., 76 S.D. 95, 73 N.W.2d 119; Long v. London and Lancashire Indemnity Co. (CA 6), 119 F.2d 628; General Accident Fire & Life Assurance Corp. v. Woeffel et al., 7 Misc.2d 952, 161 N.Y.S.2d 794; Lendway et al. v. Muse et al., 83 N.J.Super. 256, 199 A.2d 391; Charles Wolff Packing Co. v. Travelers' Insurance Co., supra; United States v. Great American Indemnity Co. of New York (CA 9), 214 F.2d 17; Cristal v. American Casualty Co., 107 N.J.L. 394, 153 A. 490; The Aetna Casualty & Surety Co. v. Fireman's Fund Insurance Co., 40 Misc.2d 813, 244 N.Y.S.2d 159. Defendants suggest that some of these were not decided by the highest courts of the respective states, which is true, but we take what existing law we can find, and in unusual cases we cannot pick the courts which we would choose to follow. We shall not be able to discuss all of these cases in detail. In general, and as a group, they hold that a provision identical to or approximately the same as our "ways immediately adjoining" the premises, means *that portion* of the way which abuts, adjoins, or touches the premises.

In Connolly, supra, the accident occurred on a road running between two parts of a farm; the road did not, at that point, adjoin either part. The policy did not cover automobiles "while away from the premises or the ways immediately adjoining" (identical to ours). The Court denied recovery, discussed the meaning of "immediately adjoining" and said, loc. cit. 121: "Coverage under the policy we conclude extended to those portions of the public highways abutting or touching the farm premises." (Citing cases.) As an additional point the Court held that a strip of railroad right of way, which the landowner had been mowing for hay, did not constitute a part of the farm premises. This in no way detracts from the principle announced by the Court as shown above, as defendants contend, nor does that additional issue in any way distinguish the case from ours.

In Long v. London and Lancashire Indemnity Co., supra, the policy insured against injuries occurring at a named location or "upon the sidewalks, ways or premises immediately adjacent thereto." (We note here that the word "adjacent" is generally considered to have a broader meaning than "adjoining.") A motorcycle officer

was knocked from his motorcycle by the plaintiff's dog; the mishap occurred some 60 feet from the nearest line of plaintiff's premises but on the same street. The Court held that the term was synonymous with "immediately adjoining," and that the injury was not on a way "immediately adjacent to the premises." The contention also made there that the chase by the dog began on plaintiff's premises and was a continuing thing, and that such an occurrence should be covered, was denied. We cannot see, as defendants here suggest again, that such an added contention affords any distinction.

The cases of General Accident Fire & Life Assurance Corp. v. Woeffel et al., supra, United States v. Great American Indemnity Co. of New York, supra, and Lendway et al. v. Muse et al., supra, are also directly applicable. In General Accident Fire & Life Assurance Corp. v. Woeffel et al., supra, the injury occurred on that part of a street about 25 feet from the nearest boundary of the insured service station. The only difference to be noted in the facts is that the policy covered operations at the service station or premises, excluded those occurring "away from the premises," and that the definition of the word "premises" included "the ways immediately adjoining." This is no real distinction. The Court held that "ways immediately adjoining" did not include a place in the abutting street 25 feet distant from the premises. This, in effect, was a statement that the term would include only that portion of the way or ways immediately adjoining or touching the premises. In Great American Indemnity, supra, an accident occurring on a sidewalk 35 feet from the nearest point of the insured grocery store was held not to have occurred upon "the ways immediately adjoining" the premises. The Court further held that the term was unequivocal, that the use of "immediately" confined it to its most restricted sense, and that only that portion of the way abutting or touching the premises constituted an insured area. In Lendway, supra, the collision occurred in the intersection formed by two streets, both of which abutted the insured premises, which were located on a corner. The exclusion was the same as ours. The Court held that, in order to be covered, the injury must occur within an area of the lot lines extended and that the intersection was not covered. The Court recognized the full exclusionary effect of our provision, but it actually went further than we need to go. We are not concerned with an intersection.

Defendants seek to counter the effect of all the foregoing cases by insisting that counsel assumed or agreed that the injury must have occurred on that part of the way abutting the insured premises, that no one suggested to any of the courts the precise point which defendants make here, and that the respective courts merely decided other issues. We do not so read the cases and, regardless of what counsel in those cases may have said or thought, the holdings were and are as we have stated them. They constitute substantial authority here.

The case of Charles Wolff Packing Co. v. Travelers' Insurance Co., 94 Kan. 630, 146 P. 1175, is cited by both sides; we gather that defendants cite and discuss it chiefly in order to distinguish it. It is actually not in point. A workman was injured while 25 feet inside a public park across the street from the insured premises; the insurance covered injuries on the premises of plaintiff or "upon the premises or ways immediately adjoining." Liability was denied; the Court discussed rather fully the definitions of the terms used, and held that "immediately adjoining" would cover only those ways or premises that touch some part of the insured property. The Court there had no occasion to decide our point, namely, whether only that *portion* of an adjoining way which touches or abuts the premises of insured, is covered.

In Cristal v. American Casualty Co., 107 N.J.L. 394, 153 A. 490 and The Aetna Casualty & Surety Co. v. Fireman's Fund Insurance Co., 40 Misc.2d 813, 244 N.Y.S.2d 159, liability was found under similar policy provisions where accidents occurred on a

public way *in front of* the insured premises. Plaintiff says that these cases hold that recovery may be had only if the accident occurs on that *portion* of the way immediately abutting the property. Defendants deny that the cases so hold. The matter is immaterial. We think that there is a fair inference in the holdings of both cases that the accident must occur in some part of the street which immediately adjoins the insured premises, but those cases are in nowise necessary to our decision.

There are comparatively few applicable authorities, but they corroborate our own independent construction of the exclusion,— namely, that there can be no liability unless the injury occurs on *a part or portion* of the street which adjoins and abuts the insured premises. It did not so occur here. Liability must be denied, both as to the duty to defend the personal injury suit and pay any judgment therein, and also as to medical payments.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.