**MFA MUTUAL INSURANCE COMPANY,**
**Appellant,**

v.

**C. R. BERRY et al., Respondents.**

**No. 57955.**

Supreme Court of Missouri,
Division No. 2.

July 22, 1974.

Ford, Ford and Crow, Wendell W. Crow, Kennett, for appellant.

Raymond A. Klemp, Caruthersville, Ted M. Henson, Jr., Poplar Bluff, for respondents.

FINCH, Acting Presiding Judge.

This appeal, written on recent reassignment, involves an action for declaratory judgment in which plaintiff (MFA Insursurance) sought an adjudication of its rights and duties under a liability insurance policy issued by it to C. R. Berry d/b/a C. R. Berry Construction Co. as the named insured.

An appeal was taken which was directed to the Missouri Court of Appeals, Springfield District, 481 S.W.2d 513. That court concluded that it lacked jurisdiction and transferred the case to this court. Since the appeal was filed prior to January 1, 1972, we conclude that we do have jurisdiction on the basis of the amount involved. Travelers Indemnity Co. v. Bohn, 460 S. W.2d 642 (Mo.1970). Sec. 477.040;[1] Mo. Const., Art. V, §§ 3, 31(4), V.A.M.S.

This action was commenced after Clarence C. Berry and Iva E. Berry, defendants herein, filed suit in the Circuit Court of Dunklin County against C. R. Berry seeking damages of $150,000 and $50,000 respectively for personal injuries and loss of consortium allegedly resulting from negligence in the operation of a truck. The trial court held that the accident which was the basis for the damage suit was "within the risks and hazards as defined and designated" in the aforementioned policy and that MFA Insurance was obligated to defend C. R. Berry in said action. We reverse and remand for entry of a new judgment.

The insured was engaged in the business of constructing residences and associated garages. As a part of his operations, he built a home for one Willis Hill on Tom Street in Malden, Missouri. When the house was completed, a radial arm saw owned by the insured was left in the house which was constructed. Hill moved in and some time later notified Berry, the insured, that his children were playing on the saw and that he would like for Berry to move it. Pursuant to that request Berry, the insured, accompanied by his brother, Clarence Berry, Jr. and his father, Clarence C. Berry, went to the Hill residence on Sunday, June 5, 1966 to pick up the saw and take it to a warehouse for temporary storage until Berry needed to use it again.

The saw was loaded onto a pickup truck owned by the insured and driven by Clarence Berry, Jr., an employee of the insured. The insured and his father followed

1. All statutory references are to RSMo 1969 unless otherwise indicated.

in an automobile. After they had traveled some distance from the Hill residence, it became apparent to the insured and his father that the saw might fall out of the truck. Consequently, the father got into the back of the pickup truck for the purpose of preventing the saw from falling during the rest of the trip. Thereafter when the truck went around a corner, the radial arm of the saw swung around and struck Clarence Berry, knocking him to the ground and inflicting injuries for which he subsequently brought his suit for damages. When that suit was brought, the insured called upon MFA Insurance to defend the claim, prompting the filing by MFA Insurance of this declaratory judgment action.

The policy in question is a contractor's public liability policy designed for use to cover any or all of various types of hazards listed in the printed policy form. Attached to and made a part of each policy is a declarations sheet which shows not only the name and address of the insured, the policy period and the limits of liability but also the particular hazards which that policy is to cover and for which a premium is charged. Coverage is limited to the hazard or hazards specified on the declarations sheet.

In this instance the declarations sheet specifies that insurance is afforded only with respect to Hazard A, which is defined in the policy as follows:

"A. Operations and Premises—The ownership, maintenance or use of premises, and all operations."

The declarations sheet then particularizes the covered classifications and location of operations and premises as follows:

"Carpentry in the construction of detached private residences for occupancy by one or two families and private garages in connection therewith.
Business located in the state of Missouri."

The foregoing language makes it clear that this policy covers liability of the insured contractor arising out of his carpentry operations in constructing specified types of buildings on premises located in Missouri where and when he is performing such work. Associated Indemnity Corp. v. National Surety Corp., 287 S.W.2d 714 (Tex.Civ.App.1956).

■ Defendants contend and the trial court found that the movement of the radial saw on June 5, 1966 constituted carpentry within the meaning of the policy because insured was moving the saw from a recently constructed residence to a place of storage until needed in connection with future carpentry business and that the accident which occurred during said transfer was covered. We disagree with these findings and conclusions for two reasons.

In the first place, this house had been completed and the owner had moved in several months before. For some reason, inadvertent or otherwise, a radial saw was left in the completed house. Sometime later, after the house owner requested the insured to come and get his saw, the insured made a trip to the Hill residence for the sole purpose of picking up the saw and moving it to another storage place. While movement of equipment on the premises which occurs during and as a part of the work of constructing a house or garage could be considered covered carpentry operations, that is not what we are dealing with. The construction job had been completed some time before and the insured was no longer engaged in carpentry at this site. It follows that C. R. Berry was not engaged in covered carpentry operations at the time of the accident. Kelly-Dempsey & Co. v. Century Indemnity Co., 77 F.2d 85 (10th Cir. 1935); Crouch on Insurance 2d, § 44:307.

■■ Secondly, even if the insured was engaged in carpentry while moving the saw, the accident in question would not be covered by this policy because it did not occur on the premises where carpentry

was being performed. Sec. IV, (c)(1) of the policy defines the term premises as used in the policy in these words:

"(c) Premises—The unqualified word 'premises' means

(1) the premises designated in the declarations including the ways immediately adjoining on land * * *."[2]

Under the foregoing definition, it is clear that coverage of carpentry operations is provided only with reference to those sites where the contractor is engaged in construction of the specified types of buildings, including "the ways immediately adjoining". Sam Finley, Inc. v. Standard Accident Insurance Co., 41 Tenn.App. 417, 295 S.W.2d 819 (1956). This accident did not occur on the tract where the Hill residence was constructed. Neither did it occur on ways immediately adjoining. This court in Travelers Indemnity Co. v. Bohn, 460 S.W.2d 642 (Mo.1970) has already construed the words "ways immediately adjoining" as referring only to that portion of the way or ways which abut or touch the covered site. It follows that the accident did not occur on premises as defined in the policy.

This accident occurred at 102 North Taylor Street in front of a house and lot owned by C. R. Berry. Relying on that fact, the trial court's opinion and judgment held that the plaintiff's policy "affords coverage with respect to the incident in question because defendant Clarence C. Berry fell off of the pickup truck in a public street immediately in front of and adjoining a house and lot located at 102 North Taylor Street in Malden, Missouri, and at the time of the accident, this house and lot were owned by defendant C. R. Berry."

■ The trial court's judgment thus treats the house and lot at 102 North Tay-

lor as another site covered by this policy, but the evidence does not justify that conclusion. That house and lot were rented to a tenant and there was no intention to stop there or to take the saw there. The insured was not engaged in any carpentry at the North Taylor property. Consequently, there is not any coverage with reference to it or to the ways immediately adjoining it. The mere coincidence of an accident in front of a house and lot owned by insured, when such property was not the scene of construction operations, does not bring the accident within the coverage of the contractor's liability insurance policy issued by plaintiff.

■ Defendants call attention to a provision in the exclusions portion of the policy which provides as follows:

"This policy does not apply:

(a) under Hazard A,

(1) except for operations performed by independent contractors, and such insurance as is afforded under Insuring Agreement VII, to the ownership, maintenance, operation, use, loading or unloading of

* * * * * *

(b) automobiles if the accident occurs away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining."

Defendants assert that this provision, at least by implication, provides coverage of the accident in question. We cannot agree that the foregoing policy provision provides for such coverage. As previously noted, this policy is a contractor's public liability policy covering his carpentry operations. It is not an automobile policy and the insuring provisions of the policy do not purport to cover automobile operations except as they may be included in

---

2. Subsection (2) of IV(c) defines premises as also including premises covered by Insurance Agreement V which is the automatic Insurance section of the policy. However, de-

fendants do not contend nor did the trial court hold that there is coverage herein under that subsection.

what occurs on the actual construction site or the ways immediately adjoining. The exclusion provision referred to simply expressly affirms such limitation which is necessarily implied from the coverage specified. The exclusion says that except with reference to independent contractors and except with reference to coverage afforded under Insuring Agreement VII (which applies only to incidental written agreements, none of which are involved here) the coverage under Hazard A does not apply to ownership or operation of automobiles if the accident occurs away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining. The provision is an exclusionary or limiting one, nothing more. It does not imply coverage different than that expressly provided.

Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views herein expressed.

HOLMAN and MORGAN, JJ., concur.

HENLEY, P. J., not sitting.