Katherine WILLIAMSON, etc., et al.,
Plaintiffs–Appellants,

v.

HOME INSURANCE COMPANY, Garnishee of Donald Crancer and Judith Crancer, Defendants–Respondents.

No. 55360.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 5, 1989.

Eric Marvin Martin, St. Louis, for plaintiffs-appellants.

Michael Ray Swafford, St. Louis, for defendants-respondents.

GARY M. GAERTNER, Judge.

Appellants, Katherine Williamson and her father, Thomas Williamson, appeal from a judgment entered in the St. Louis County Circuit Court in favor of respondent, Home Insurance Company. The trial court found that, in this equitable garnishment proceeding, the burden of proof was

on the appellants for all facts essential to the claim including the lack of facts supporting an exclusion in the policy. The trial court further found that appellants had not met this burden. On appeal, the appellants argue that the trial court erred in both findings and asserts that the respondent should bear the burden of proving exclusions.

Appellant, Katherine Williamson, was injured while riding as a passenger on a motorbike operated by Barbara Devault, a minor. The injury occurred when the motorbike collided with a truck operated by Gregory Sansegraw. The trial court found that the accident occurred on Old Schuessler Road in the county of St. Louis "across a field and two streets down" from the insured's premises.

The Williamsons brought suit in the Circuit Court of St. Louis County against Gregory Sansegraw, Barbara Devault, and Donald and Judith Crancer. Judith Crancer is Devault's mother; Donald Crancer is Devault's stepfather. Respondent disclaimed liability and denied coverage to Barbara Devault and notified Mr. Crancer that the suit would be handled under a reservation of rights. In 1984 the Crancers retained their personal attorney to handle the case, and counsel retained by respondent to represent them, withdrew. In 1985, judgment was rendered in favor of the Williamsons and against the Crancers and Devault in the sum of $275,000. The Williamsons then brought the garnishment action.

The Crancers' policy issued by respondent provided in relevant part:

E. This company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence....

F. This company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies

caused by an accident while such person is:
1. on an insured premises with the permission of any insured; or
2. elsewhere, if such bodily injury
a. arises out of a condition in the insured premises or the ways immediately adjoining.
b. is caused by the activities of any insured.

. . . . .

In addition, the policy excluded:
1. a(3) "bodily injury ... arising out of the use ... of ... any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises...."

First this court notes the correct standard of review in bench tried cases. The trial court's decision should be sustained unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law". *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We also note that a correct decision will not be disturbed because the trial court gave a wrong reason for its judgment. *Edgar v. Fitzpatrick*, 377 S.W.2d 314, 318 (Mo. banc 1964); *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo. App., E.D.1987).

In an action for garnishment the plaintiff has the burden of proving facts essential to the garnishee's liability. *Mistele v. Ogle*, 293 S.W.2d 330, 332 (Mo.1956). However, this general rule does not apply in all cases. In *Kelso v. Kelso*, an insurance company refused to defend or pay the resulting judgment where an automobile, covered by its policy, was involved in an accident. *Kelso v. Kelso*, 306 S.W.2d 534 (Mo.1957). The court held that "while it may be stated generally that plaintiff had the burden of proving the facts essential to the garnishee's liability, in the instant case, where garnishee seeks to escape coverage solely because of policy exclusions, the burden was upon it to prove facts which would make those provisions applicable." *Id.* at 536; *see also Giokaris v. Kincaid,* 331

S.W.2d 633, 635 (Mo.1960). The trial court, therefore, erred in placing the burden of proof for the exclusions on the appellants.

■ However, notwithstanding this misplaced burden of proof, the trial court correctly ruled that the exclusion was supported by the evidence. Under the exclusion, respondents must show that the injury occurred "away from the residence premises". In *Lititz Mutual Ins. Co. v. Branch,* the court held that the term "premises" included "the land and more or less permanently affixed structures contained thereon". *Lititz Mutual Ins. Co. v. Branch,* 561 S.W.2d 371, 373 (Mo.App., E.D.1978). Appellants claim that *Lititz* and other cases expanded the definition of premises to include adjoining ways abutting the residence property. *See Travelers Indemnity v. Bohn,* 460 S.W.2d 642 (Mo. 1970); *Lititz Mut. Ins. Co. v. Branch,* 561 S.W.2d 371 (Mo.App., E.D.1978). In these cases, however, it is the policies that expand the definition, not the courts. There is nothing in either opinion to indicate so broad an expansion of the term.

Even if the term "premises" did include adjoining ways, the record contains sufficient facts for the court to conclude that the accident occured within the terms of the exclusion. In *Travelers Indemnity v. Bohn,* the Missouri Supreme Court held that the words "immediately adjoining" referred to property "contiguous to, in contact with or touching" the residence premises. *Travelers Indemnity v. Bohn,* 460 S.W.2d 642, 645 (Mo.1970). Here the declaration sheet showed the covered premises to be located at 12973 Meadow Hill Drive, yet the evidence clearly shows that accident occurred at 10726 Old Schuessler Road in front of a third party's residence. Even the petition filed by the appellants alleges that the accident here occurred "at or near 10726 Old Schuessler Road...." As the trial court found, this was across a field and two streets down from the resident premises, clearly not "touching" the premises as required. *Id.*

As there are sufficient facts in the record to support the decision of the trial court, notwithstanding the misplaced burden of proof, the decision is affirmed.

KAROHL, J., and GRIMM, P.J., concur.