DANIEL P. COTTON, Respondent, v. IOWA MUTUAL LIABILITY INSURANCE COMPANY, a Corporation, and HADEN R. FRISBIE, Appellants, No. 42759—251 S. W. (2d) 246.

Division Two, September 23, 1952.

*Sam Mandell* for appellant Iowa Mutual Liability Insurance Company and *Vance Julian* for appellant Haden R. Frisbie; *Popham, Thompson, Popham, Mandell & Trusty* of counsel for appellant Iowa Mutual Liability Insurance Company.

*David H. Bresler, Frank L. Cohn* and *Harry A. Hall* for respondent.

BOHLING, C.—This declaratory judgment action was instituted by Daniel P. Cotton against Iowa Mutual Liability Insurance Company, a corporation (hereinafter referred to as insurer), and Haden R. Frisbie and John A. Harris. Plaintiff's main purpose was to secure a declaration, in the event a certain automobile collision hereinafter described be established to have been the direct result of the negligence of defendant Frisbie, that a policy of liability insurance issued by defendant insurer covered the personal injuries and property damage sustained by plaintiff in said collision. Other issues essential to a ruling here will be developed in the course of the opinion. The declaratory judgment of the trial court was in favor of plaintiff. The trial court dismissed plaintiff's claim against defendant Harris, and plaintiff makes no complaint of this ruling. Defendants Frisbie and insurer prosecute this appeal.

The first issue for determination is whether this court has jurisdiction of the appeal. This depends on one or another of two issues: Whether the amount in dispute is established to exceed $7,500;. or whether a constitutional question is presented in an appellate jurisdictional sense.

On September 22, 1946, a collision occurred about seven miles east of Knobnoster, Missouri, between two automobiles, one being operated

westwardly by plaintiff and the other eastwardly by defendant Frisbie over U. S. Highway 50. Defendant Frisbie was a Major and member of the Reserve Military Force of the State of Missouri, living at Columbia, Missouri, and had been attending maneuvers in the locality of Knobnoster. At the time he was returning to his home, driving a "jeep," the property of the Missouri State Guard. Plaintiff charged in his petition that the collision was caused by defendant Frisbie negligently driving on the wrong side of said highway at said time and place.

Defendant insurer had in effect at said time its policy No. 182192, naming as the insured, "The Missouri State Guard, John A. Harris, Commanding General and Adjutant General," which policy insured against liability for personal injuries in the sum of $100,000 and property damages in the sum of $5,000.

In 1943 (Laws 1943, pp. 644-647) the General Assembly passed an act for the maintenance of the Reserve Military Force in accordance with the provisions of Chapter 121, R. S. 1939, relating to "Military Forces." Section 4 (Mo. R.S.A., 1939, Sec. 15022.4) of said act provided:

"Neither the officers nor the enlisted men of the Reserve Military Force shall be liable for civil action, for the death of, or any injury to, persons or for any damage to property as a result of any action taken by any member or members of the Reserve Military Force while engaged in and pursuant to the performance of lawfully ordered duties as members of the Reserve Military Force."

Plaintiff's petition herein contained allegations covering the essential facts of the foregoing statement. Plaintiff also alleged that claim had been made that defendant Frisbie was not liable for damages to "plaintiff's automobile" and "personal injuries to plaintiff" resulting from the aforesaid collision by reason of said Sec. 4, Laws 1943, p. 646; and that claim had been made that defendant insurer, under the terms of the policy aforesaid and also under said statute, was not liable to plaintiff for the alleged negligence of defendant Frisbie. It was further alleged that said statute did not relieve defendant Frisbie of liability for injuries caused to plaintiff by his said negligence, and that defendant insurer is not relieved from its obligations under said insurance policy. Plaintiff asked the court to construe said Sec. 4, and declare that said statute did not relieve defendants from [248] legal responsibility to plaintiff, and to construe defendant insurer's said insurance policy and declare that the same included defendant Frisbie's liability in the circumstances presented.

Defendants Frisbie and insurer claim that under said statute defendant Frisbie is not to be held liable to plaintiff on account of the casualty aforesaid, and further that defendant insurer is under no obligation under its said insurance policy to defend said action by plaintiff against defendant Frisbie or to pay any judgment obtained

by plaintiff against defendant Frisbie for damages arising out of said casualty.

Plaintiffs reply denied that said statute relieved defendant Frisbie of legal responsibility to plaintiff for his negligence in the circumstances involved, and further pleaded that "if" said statute "attempts, by its terms, to relieve" defendant Frisbie from any and all liability for negligence in failing to observe the motor vehicle rules and regulations, said statute is void and unconstitutional in that it contravenes the Fifth and Fourteenth Amendments to the Constitution of the United States and also contravenes the Constitution of the State of Missouri, Secs. 10, 24, 26 and 28 of Art. I and Secs. 40 and 46 of Art. III thereof, and that said statute contravenes and is superseded by the Soldiers and Sailors Relief Act, 50 U. S. C. A., Sec. 501.

The instant case involves only damages to plaintiff's automobile and personal injuries to plaintiff. No amount is mentioned in plaintiff's petition. Plaintiff's attorney offered to prove, which offer the court considered immaterial, that plaintiff received serious injuries and his automobile was destroyed; that his wife received serious injuries and his child was killed; and stated he would not detail the injuries or state the amount plaintiff was claiming. Certain motions and pleadings in the record, but not the proof, disclose plaintiff had sued defendant Frisbie for $20,500 damages, and that said suit had been dismissed prior to the instant trial. It was not the instant suit; and plaintiff will likely amend his petition before he proceeds with his action for damages.

The trial court, so far as material, found the fact of the casualty at the time and place mentioned but expressly made no finding on the issue of defendant Frisbie's negligence or any issue as to damages, expressly leaving said issues "open for future determination according to law."

The court further found that the Missouri State Guard was a voluntary association; that defendant Frisbie's attendance at the training maneuvers was voluntary and not the result of any general orders, and that there was no emergency or public exigency that required military action or the presence of defendant Frisbie; that the "jeep" was the property of the Missouri State Guard and was being operated by the defendant Frisbie on his return home with official permission; that defendant insurer's policy of insurance was intended to and did insure the officers and members of the Missouri State Guard and insured defendant Frisbie against liability for damages to plaintiff up to $100,000 for bodily injuries and $5,000 for property damage for each accident; that defendant Frisbie is not exempted from legal liability for said injuries and damages to plaintiff by the provisions of Sec. 4, Laws 1943, p. 646, "and insofar as said statute purports to exempt said defendant from legal and civil liability for negligence in the operation of vehicles on the public highways, in the absence of

public exigency or military emergency and necessity, said statute is unconstitutional and violates the Constitution of Missouri and of the United States." Judgment accordingly.

Defendants Frisbie and insurer contend we have jurisdiction of this appeal on the ground the amount in controversy is $100,000 as between plaintiff and defendant insurer, the maximum amount of liability under the policy. They cite only Commercial Casualty Co. v. Humphrey, 13 F. Supp. 174, 178[4, 5], wherein the Federal Court considered it had jurisdiction because the maximum policy amount for which the insurer "may" be liable was $10,000—exceeded $3,000, uninfluenced by the amount the injured plaintiff might claim or the amount that might eventually be in dispute. If determined by the amount involved, [249] we have appellate jurisdiction only when "the amount in dispute" exceeds $7,500. Mo. Cons., Art. V, Sec. 3. The cited Federal case is not in harmony with our reasoning or the result in National Surety Corp. v. Burger's Estate, Mo., 183 S. W. 2d 93, and is not controlling. In Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S. W. 2d 615[1], the record discloses that plaintiff's damages were laid at $10,000, and plaintiff predicated jurisdiction here on that ground—not because the policy was for $10,000.

It has been considered under applicable statutes, Secs. 379.195, 379.200, RSMo 1949, and the "no-action" clause of policies of casualty insurance, that the obligation of the insurer to pay the injured plaintiff does not arise until the insured's obligation to pay has been finally determined by judgment against the insured or by written agreement between the injured, the insured and the insurer. Haines v. Harrison, 357 Mo. 956, 211 S. W. 2d 489, 492[3-7]; Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S. W. 2d 289, 295, 127 A.L.R. 163; Taverno v. American Auto Ins. Co., 232 Mo. App. 820, 112 S. W. 2d 941, 944[3, 5]. The rights, status and legal relations of an injured plaintiff prior to judgment or settlement and the insured with the insurer differ under casualty policy provisions requiring the insurer to defend suits against the insured on account of a casualty even if groundless, false or fraudulent. A real and justiciable controversy must exist to invoke the declaratory judgment act; that is: "Plaintiff must have a *legally protectable interest* at stake and the question presented must be appropriate and ready for judicial decision." State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S. W. 2d 172, 176[5, 7]; Maryland Casualty Co. v. Tindall, 30 F. Supp. 949. The instant plaintiff may never recover a judgment or secure a settlement and, if not, he will acquire no right under the policy provisions. This is relevant to the rule that the mere chance of a judgment or settlement exceeding $7,500 does not establish appellate jurisdiction here. National Surety Corp. v. Burger's Estate, supra. We have frequently said that this court is a court of limited appellate jurisdiction and our courts of appeals have general appellate

jurisdiction; that our jurisdiction must affirmatively and with certainty appear from the record of the trial court, and that we are not to indulge in speculation and conjecture as to the amount involved for the purpose of assuming appellate jurisdiction. Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 151[5, 6]; Juden v. Houck, Mo., 228 S. W. 2d 668, 669[1]; Lemonds v. Holmes, 360 Mo. 626, 229 S. W. 2d 691, 692. The instant record does not affirmatively disclose that plaintiff has an interest in the policy of insurance involved in excess of $7,500, and appellate jurisdiction is not established in this court by reason of the amount in dispute.

We have hereinbefore stated the issues presented by the pleadings. Plaintiff in his petition asked that Sec. 4, Laws 1943, p. 646, be construed, and that the court declare said statute did not relieve defendant Frisbie of legal responsibility for his negligence in causing damage to plaintiff. Plaintiff did not question the constitutionality of the statute in his petition. A constitutional question should be raised at the earliest practical opportunity. Walter L. Lacy Co. v. National Finance Corp., Mo., 73 S. W. 2d 747, 748[2], citing cases; West, Mo. Dig., Courts, Key No. 231 (23)'b. See State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S. W. 2d 592.

Consistent with the pleading in plaintiff's petition and his reply, the trial court considered, first, that said statute did not relieve defendant Frisbie of liability for negligence in the circumstances involved, and, further, that if it purported to exempt said defendant from liability for negligence in the absence of public exigency or military emergency and necessity, it was unconstitutional. And, it is plaintiff's position upon this appeal that if some public emergency or had been duly ordered to so operate said vehicle, defendant Frisbie's operate said motor vehicle on the wrong side of the highway and he had been duly ordered to so operate said vehicle, defendant Frisbie's acts would have been in the performance of lawfully ordered duties and, under said statute, a defense to plaintiff's action; [250] but that in no event could said statute have the effect of making defendant Frisbie immune to civil liability for negligence in the circumstances here involved, since such construction would cause said statute to contravene State and Federal constitutional provisions; that is, that properly construed the statute is constitutional or, further, is subject to a construction preserving its constitutionality.

The issue is not that said statute is inherently and wholly unconstitutional. To vest appellate jurisdiction here on a constitutional issue, the attack on the constitutionality of a statute must be that whatever it means and under any construction of which it is susceptible, it is unconstitutonal. Moyer v. Orek Coal Co., Mo., 78 S. W. 2d 107, 108, citing cases. "The only kind of an attack that is sufficient to invest this court with jurisdiction on appeal is that the statute is inherently and wholly unconstitutional from every view." Dietrich

v. Brickey, 327 Mo. 189, 37 S. W. 2d 428, 429[5]; Hayes v. Hayes, Mo., 153 S. W. 2d 1, 6[5-8]; Stribling v. Jolley, Mo., 245 S. W. 2d 885, 889[4]; Woodling v. Westport Hotel Operating Co., 331 Mo. 812, 823[4]; 55 S. W. (2d) 477, 481.

We conclude we do not have appellate jurisdiction of this review, and the cause should be transferred to the Kansas City Court of Appeals. It is so ordered. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.