**REPUBLIC INSURANCE COMPANY, Appellant,**

v.

**Jesse I. HEARN and Edith M. Hearn, Harold R. Bond, Dora Bond and Patricia Bond, Alva McGinness, and Don McMurray & Associates, Inc., Respondents.**

No. 51984.

Supreme Court of Missouri, Division No. 1.

Dec. 12, 1966.

Paul H. Niewald, Gordon, Adams, Niewald & Risjord, Kansas City, for appellant.

Donald W. Johnson, Kansas City, for respondents Jesse I. Hearn and Edith M. Hearn.

E. E. Thompson, Kansas City, for responds, Harold R. Bond, Dora Bond and Patricia Bond, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

HIGGINS, Commissioner.

Republic Insurance Company sought a declaratory judgment adjudicating that it was not liable under its Homeowners' Insurance Policy No. MR1023764 for the period November 11, 1962, to November 11, 1965, issued to respondents Jesse I. and Edith M. Hearn as named insured, providing $25,000 coverage for comprehensive

personal liability. It alleged that on September 6, 1964, Jesse I. Hearn was operating a boat with respondents Harold R. Bond, Dora Bond, Patricia Bond, and Alva McGinness as passengers, when the boat was involved in a collision; that "there are claims and potential claims against Jesse I. Hearn by Harold R. Bond, Dora Bond, Patricia Bond and Alva McGinness as the result of said accident"; that said policy contained a special exclusion relating to watercraft and outboard motors; that said policy "provides no coverage or obligation on the part of the plaintiff to defend or otherwise incur any liability or expense as a result of the accident * * * and of claims or potential claims to be asserted by any of the parties hereto, and plaintiff does further deny any and all liability to any of the defendants under its policy of insurance"; "that it is the contention and allegation of Jesse I. Hearn and Edith M. Hearn that the defendant, Don McMurray & Associates, Inc., created coverage or extended the coverage of the insurance policy * * * through the said Don McMurray & Associates, Inc.'s independent action at the time of the issuance of said policy and that said coverage would be contrary to and in violation of the terms and provisions of the insurance policy." Answers were filed, the cause went to trial, and the court adjudged and decreed that the boat and motor operated by defendant Jesse I. Hearn at the time and place of the occurrence described in plaintiff's petition were insured against comprehensive personal liability under policy No. MR1023764; that plaintiff is obligated to pay, on behalf of the Hearns, all sums which they shall become obligated to pay as damages by reason of the occurrence, and that plaintiff is obligated to defend any suit now or hereafter filed against the Hearns seeking damages by reason of the occurrence.

Republic has appealed to this court on the theory that the amount in controversy is in excess of $15,000, to wit: $25,000.

"For the supreme court to have appellate jurisdiction because of the amount in dis-

pute, the record must affirmatively show with certainty that the amount in dispute, regardless of all contingencies, exceeds $15,000, and this court will not indulge in speculation and conjecture as to the amount in dispute or the value of the relief sought in order to bring a case within its limited appellate jurisdiction. * * * In Emerson Electric Mfg. Co. v. City of Ferguson, Mo., 359 S.W.2d 225, 228 [2], this court held that the minimum jurisdictional amount must be affirmatively established by the record and the amount in dispute is not what may be affected by the result of the case but what is directly involved in the suit." Jackson County Pub. W. Sup. Dist. v. Ong Aircraft Corp., Mo., 388 S.W.2d 893, 895–896 [2].

 This appeal is from a judgment denying relief sought by appellant but the record does not disclose the pecuniary value of the relief sought or the financial loss to the respondents if the relief sought be granted. "The relief sought here * * * is a declaration concerning *existence* of liability if negligence is established; the question of *how much* is 'contingent' because the circumstance giving rise to a liability may never arise." Washington University Law Quarterly, Vol. 1964, p. 656; National Surety Corp. v. Burger's Estate, Mo., 183 S.W.2d 93. Appellant apparently appeals on the theory that the amount in controversy is the maximum amount of liability under its policy, i. e., $25,000, but the record does not show the amount of any claims, and the respondents Bond and McGinness may never recover in any amount against respondents Hearn, let alone in an amount exceeding $15,000. The mere chance of a judgment or settlement exceeding $15,000 does not establish jurisdiction here. Cotton v. Iowa Mut. Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246, 249 [3–5].

The record discloses no other ground for jurisdiction in this court and the appeal is, accordingly, transferred to the Kansas City Court of Appeals.

HOUSER and WELBORN, CC., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.