Kenneth J. NANCE, Respondent,

and

Connie Nance, his wife, Minors, by their
Next Friend, Ted M. Henson, Sr.,

v.

James Larry KIMBROW, a Minor, by his
Guardian Ad Litem, Terry C.
Allen, Appellant.

No. 9046.

Springfield Court of Appeals,
Missouri.

Nov. 18, 1970.

Ted M. Henson, Jr., Ted M. Henson,
Poplar Bluff, for respondent.

Hyde, Purcell & Wilhoit, Poplar Bluff,
for appellant.

TITUS, Presiding Judge.

Minor plaintiffs, husband and wife, by their next friend, Ted M. Henson, Sr., filed suit in the Circuit Court of Butler County to recover damages from defendant allegedly incurred by plaintiffs from an automobile accident which occurred February 25, 1968. In Count I of the petition the plaintiff-husband prayed for a money judgment of $20,000 to compensate him for the injuries he sustained in the casualty; in Count II of the petition the plaintiff-wife sought a money judgment of $5,000 to satisfy her derivative cause of action but this count was dismissed without prejudice prior to trial. A judgment was entered on the $1,200 verdict returned in favor of the plaintiff-husband and the trial court thereafter sustained the motion of the plaintiff for a new trial on "the measure of damages only" because the amount of the verdict "is so grossly inadequate as to shock the conscience of the Court." On June 24, 1970, defendant filed his notice of appeal to this court and in his brief urges,

inter alia, that the verdict was supported by substantial evidence and should not have been disturbed by the trial court. Plaintiff has moved us to transfer the appeal to the Supreme Court. Irrespective of such a motion it is our duty to determine, ex mero motu, if we possess appellate jurisdiction [Kansas City v. Howe, Mo.App., 416 S.W. 2d 683, 686(2–3); Farris v. Hendrichs, Mo. App., 410 S.W.2d 97, 98(2)] and if we do not, our only authority in the matter is to transfer the cause to the Supreme Court. Constitution of Missouri, art. V, § 11, V.A. M.S.; Starr v. Mitchell, Mo.App., 231 S.W.2d 299, 301(4), transferred 361 Mo. 908, 237 S.W.2d 123.

It is to be noted that the notice of appeal was filed in the court nisi before September 11, 1970, which is the effective date of Laws 1970, H.B.No.34, amending § 477.-040, RSMo 1969, V.A.M.S. Therefore, as provided by Subsec. 2 of the new enactment, "The Supreme Court shall continue to have exclusive jurisdiction to hear and determine the appeals in those cases where the notices of appeal shall have been filed in the trial court before the effective date of this act, and where the amount in dispute, exclusive of costs, exceeds the sum of fifteen thousand dollars."

Where, as here, a trial court sets aside a judgment upon motion of the plaintiff because of the inadequacy of damages and grants the plaintiff a new trial on the issue of damages only, the effect of such an order is to reinstate the plaintiff's claim for the full amount and renders the amount in dispute the sum prayed for in the petition. Langhammer v. City of Mexico, Missouri, Mo., 327 S.W.2d 831, 833(2); Harmon v. Foster, Mo.App., 297 S.W.2d 783, 784(2,3); and the cases cited in those opinions. Viewing the matter differently, if it is said that defendant is maintaining that $1,200 is adequate damages and that the verdict in that amount should be reinstated, then the amount in dispute is the difference between the $20,000 prayed for by plaintiff and the $1,200 verdict or $18,-800. Jones v. Allred, Mo.App., 298 S.W.2d

525. Consequently, it does not matter what view we employ in this case for the amount in dispute, exclusive of costs, in any event exceeds the sum of fifteen thousand dollars. This court being without appellate jurisdiction, the cause is ordered transferred to the Supreme Court of Missouri.

STONE and HOGAN, JJ., concur.