**STATE of Missouri, Respondent,**

v.

**Vincent Lafayette LOMAX, Appellant.**

**No. 9127.**

Springfield Court of Appeals,
Missouri.

Aug. 16, 1971.

No appearance, for respondent.

Nolen Berry, Blanchard, Van Fleet, Robertson & Dermott, Joplin, for appellant.

## PER CURIAM.

■ By information filed in the Circuit Court of Jasper County, it was charged that on or about September 10, 1970, defendant "did wilfully, unlawfully and feloniously have in his possession, and under his control, a certain narcotic drug, to-wit: marihuana." § 195.020.[1] The jury found defendant guilty but could not agree upon the punishment, and the trial court (Crim.Rule 27.03) assessed his punishment in the county jail for a period of one year. § 195.200, subd. 1(1).[2] After due proceedings, defendant appealed to this court.

"The term 'felony', when used in * * * any * * * statute, shall be construed to mean any offense for which the offender, on conviction, is liable by law to be punished with death or imprisonment in a correctional institution of the state department of corrections, and no other." § 556.020. Although defendant's punishment was assessed at imprisonment in a county jail for one year, he was convicted of an offense *punishable* by imprisonment in the penitentiary; hence, defendant has been charged with

---

1. Statutory and rule references are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R.

2. Sec. 195.200—"1. Any person violating any provision of this chapter is punishable as follows: (1) For the first narcotic offense, * * * by imprisonment in a state correctional institution for a term of not more than twenty years, or by imprisonment in a county jail for a term of not less than six months nor more than one year."

and convicted of a felony. State v. Echols, Mo., 467 S.W.2d 893, 896(4). "The supreme court shall have exclusive appellate jurisdiction * * * in all cases of felony." Constitution of Missouri, art. V, § 3, V.A.M.S. It is our duty to determine, ex mero motu, if we possess appellate jurisdiction [Kansas City v. Howe, Mo.App., 416 S.W.2d 683, 686(2–3)], and as it appears that we do not, our only authority in this matter is to transfer the cause to the Supreme Court of Missouri. Constitution of Missouri, art. V, § 11, V.A.M.S.; Nance v. Kimbrow, Mo.App., 460 S.W.2d 290, 291(1). It is so ordered.

All concur.

