**INTERNATIONAL TELEMETER OF CO-
LUMBIA CORPORATION et al.,
Appellants,**

**v.**

**The CITY OF COLUMBIA, Missouri, et al.,
Respondents.**

**Nos. 56000, 56001.**

Supreme Court of Missouri,
Division No. 1.

April 10, 1972.

Joseph E. Stevens, Jr., Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, for appellants.

James H. Coonce, City Counselor, Columbia, for respondents.

WELBORN, Commissioner.

Appeal from denial of relief in consolidated actions for declaratory judgment, with incidental injunctive relief, and for mandamus.

This litigation arises out of efforts to obtain municipal authorization for a cable television system in Columbia. The presently involved phase originated with the passage by the Columbia City Council of Ordinance No. 5115, on May 13, 1970, by which a nonexclusive franchise was to be granted CATV of Columbia, Inc., for the operation of a community antenna television system. The ordinance was adopted pursuant to § 89 of the Charter of the City of Columbia, requiring approval by a vote of the electors of the city. The council set a special election on approval of Ordinance No. 5115 for August 4, 1970.

On June 18, 1970, initiative petitions having approximately 2,700 signatures were filed in the office of the city clerk. The petition called for the submission to the voters of a proposal to enact four ordinances. The first repealed Ordinance No. 5115. The second provided for the grant of a nonexclusive franchise to Tiger Cablevision, Inc., for operation of a cable television system. The third and fourth made similar provision for International Telemeter of Columbia Corporation and CATV of Columbia, Inc., respectively.

On July 6, 1970, the city clerk certified to the city council that the petitions contained in excess of the number of signatures required by the city charter for the proposal of ordinances by the initiative. At its meeting on that date, the council concluded to accept and follow the advice of the city counselor that Ordinance No. 5115 proposing a franchise for CATV of Columbia, Inc., was not subject to referendum and that ordinances for grant of franchises were not properly the subject of initiative legislation.

On July 13, 1970, International Telemeter of Columbia Corporation, Tiger Cablevision, Inc., and five individual signers of initiative petitions, as relators, filed a mandamus action against the City of Columbia, the members of the city council and the city manager, to compel the council to act upon the initiative proposals by either enacting the proposed ordinances or by submitting them to the voters. In the alternative the relators sought to compel action on initiative petitions, filed in April, 1970, for the enactment of an ordinance granting International Telemeter a license for operation of a cable system. By their return, the respondents asserted that insofar as the initiative proposal called for the repeal of Ordinance No. 5115, it was a referendum petition, not timely filed. They asserted that proposals for the grant of franchises were not properly the subject of legislation by the initiative under the city charter. Insofar as the alternative relief sought by the relators was concerned, the return alleged that authority for operation of a cable TV system could not be granted by license, but required the grant of a franchise for a public utility.

The relators in the mandamus action also filed a petition for declaratory judgment and injunction against the same parties as in the mandamus action. The action sought a declaration that filing of the initiative petitions suspended the power of the city council to deal with the subject of cable television except in accordance with charter provisions relating to ordinances

proposed by the initiative. The petition also attacked the validity of Ordinance No. 5115 on numerous grounds. An injunction was asked against the holding of the special election scheduled for August 4, 1970. The defendants answered along the lines of their return in the mandamus action.

On July 28, 1970, trial was held in the circuit court of the consolidated actions. On August 1, the court entered judgment, finding against plaintiffs on their attacks against the validity of Ordinance No. 5115. The court found that, under the city charter, grant of a franchise is not properly the subject of an initiative petition. It further found that permission to operate a cable TV system must be obtained by way of a franchise as a public utility and could not be granted under the city licensing power. Without filing a motion for new trial, the relators and plaintiffs appealed. Only Telemeter and individuals Aldridge, Graebner and Holt have perfected their appeals by filing briefs in this court.

At the special election on August 4, the voters rejected the ordinance granting a franchise to CATV of Columbia, Inc.

Appellants' jurisdictional statement here premises the jurisdiction of this court upon the amount in dispute and the claim that the case involves the construction of the federal and state constitutions. Article V, § 3, Constitution of Missouri, 1945, prior to 1970 amendment.

■ Claim of an amount in dispute in excess of $15,000 is based upon the defendants' pleadings in the trial court which asserted that Ordinance No. 5115 and the proposed ordinances related to substantially different subject matter because the payment to the City of Columbia over the period of the proposed franchises would have been $510,000 less under the initiated ordinances than the payment under Ordinance No. 5115.

This allegation did not provide an amount in dispute for purpose of jurisdiction of this court. The alleged potential loss to the city was contingent upon occurrences other than the outcome of the litigation. Specifically, the loss would have depended upon the approval by the voters of the initiated franchise ordinances in the event that the judgment in the litigation was adverse to the city. In such circumstances, the litigation did not involve an amount in controversy within the meaning of the constitutional provision fixing the jurisdiction of this court. Cotton v. Iowa Mutual Liability Ins. Co., 363 Mo. 400, 251 S.W.2d 246, 249[1–5]; Republic Ins. Company v. Hearn, Mo., 414 S.W.2d 549; Sunray DX Oil Company v. Lewis, 426 S.W.2d 44, 49[15]. The amount to be paid under the various ordinances was only an incidental issue and cannot be said to have been an amount actually involved in the suit. Emerson Electric Mfg. Co. v. City of Ferguson, Mo., 359 S.W.2d 225.

The second premise for this court's jurisdiction is stated in appellants' jurisdictional statement as follows:

"Additionally, respondents have violated the Charter of the City of Columbia and the opinion of the lower court sustaining respondents' position constitutes an unlawful interference with the suppression of appellants' rights under the following sections and articles: The first, tenth and fourteenth amendments of the Constitution of the United States of America; Sections 1, 3 and 9 of Article I of the Constitution of Missouri; Section 49 of Article III of the Constitution of Missouri and Article XVII of the Charter of the City of Columbia."

■ If the respondents have violated the Columbia city charter, and the trial court erroneously failed to recognize such violation and grant the appellants relief, that is a matter correctible on appeal without involving constitutional construction. Dunbar v. Board of Zoning Adjustment, Mo., 380 S.W.2d 442, 444[1]. The rule has long been established that an assertion that judgment was erroneous and therefore violated due process requirements does not

state grounds for exercise of jurisdiction by this court on the basis that the case involves the construction of the constitution. Stegall v. American Pigment & Chemical Co., 263 Mo. 719, 173 S.W. 674, 675; Nelson, et al. v. Watkinson, et al., Mo., 260 S.W.2d 1; Marshall v. City of Gladstone, Mo., 380 S.W.2d 312, 315.

█ Going beyond the jurisdictional statement to the assignments of error in appellants' brief, under their first point they assert that the action of the respondents in ignoring the initiative petitions contravenes the rights of appellants "guaranteed by the constitutions of Missouri and of the United States." No constitutional provisions are specified and none is to be found in the authorities relied upon. The argument under this point is based solely upon the contention of appellants that § 127 of the Columbia city charter, reserving the initiative power to the voters, does encompass the ordinances proposed by the initiative for either the grant of a franchise or a license for the operation of a cable TV system. The contention is advanced simply as a matter of construction of the terms of the charter, without reference to any constitutional grounds. Simple construction of the charter would not involve construction of either the state or federal constitutions. State ex rel. C., R. I. and P. R. Co. v. Public Service Commission, Mo., 429 S.W.2d 723, 726[5].

For the third point of their brief, appellants assert:

"III. The failure of this defendant to submit the initiated ordinances infringes on rights of appellants guaranteed them by the Constitutions of the United States and of Missouri."

However, the import of this point is made clear by the first sentence of the argument thereunder:

"The blatant refusal of defendants properly to apply the plain meaning of the law (Charter, § 127) constitutes a deprivation of rights, privileges and property of appellants without due process of law and in violation of Amendment XIV of the Constitution of the United States."

This statement makes clear that the claimed deprivation of constitutional rights is based upon appellants' construction of § 127 of the charter. Thus, the problem is simply one of construction of the charter provision, not of the constitutional provisions invoked. In such posture the case does not involve construction of the constitution for purposes of this court's jurisdiction. State ex rel. Doniphan Telephone Company v. Public Service Commission of Missouri, Mo., 369 S.W.2d 572.

█ Additionally, in their brief and reply brief in this court, appellants have clearly asserted that the issues raised in the declaratory judgment and injunction suit have become moot in view of the voters' rejection of the CATV of Columbia, Inc. franchise at the August 4, 1970 election. In their reply brief, appellants enumerate the issues raised in that action, including: "8. that refusal of the council to process the initiative petition was a violation of the rights of the electors to petition, to initiate and to vote; * * *." The brief states: "We set all of this out in such painful detail only to point out that by the decisive defeat of Ordinance 5115 at the polls in Columbia on August 4, 1970, all of these issues have been made moot and are no longer of any consequence. It is for this reason, for example, that none of the testimony about the many appearances by appellant International Telemeter at meetings of the city council of Columbia (at which that appellant received short shrift and as a result of which no action was ever taken by the council) has anything to do with the issues remaining before the court in the mandamus action in two counts originally numbered 52295 and herein numbered 56001, which was and still is an action in two counts to force the city council to submit either of two lawfully initiated ordinances to a vote of the people."

The significance of this concession is that only in the declaratory judgment and injunctive action were constitutional questions raised in the petition. No reliance on constitutional guaranties is stated in the mandamus action. Thus, by this concession, appellants have excluded the constitutional questions raised in their petition, so that the petition no longer provides any basis for asserting a constitutional question on this appeal.

Cause ordered transferred to Kansas City District of Missouri Court of Appeals.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.