**MFA MUTUAL INSURANCE COMPANY, a corporation, Plaintiff-Appellant,**

v.

**C. R. BERRY et al., Defendants-Respondents.**

**No. 9139.**

Missouri Court of Appeals, Springfield District.

May 16, 1972.

Wendell W. Crow, Ford, Ford & Crow, Kennett, for plaintiff-appellant.

Raymond A. Klemp, Caruthersville, Ted M. Henson, Jr., Poplar Bluff, for defendants-respondents.

HOGAN, Justice.

This is a declaratory judgment action wherein plaintiff sought an adjudication of its rights, duties and liabilities under an insurance policy, essentially a species of contractor's liability policy, issued to defendant C. R. Berry. The action was commenced after defendants Clarence C. Berry and Iva E. Berry, then as plaintiffs, filed suit in the Circuit Court of Dunklin County against defendant C. R. Berry, alleging in substance that defendant C. R. Berry, by his agent and servant Clarence Berry Jr., through his negligent operation of a pickup truck belonging to defendant C. R. Berry, had caused plaintiff Clarence C. Berry to fall out of the truck and sustain serious personal injuries. The petition is laid in two counts. In the first count, plaintiff Clarence C. Berry sought judgment in the amount of $150,000 for damages for his personal injuries; in the second count, plaintiff Iva E. Berry sought $50,000 damages for loss of services and consortium.

The policy in question, as noted, is a species of contractor's liability, or "scheduled liability," policy.[1] The operation, or "hazard," covered by the policy is "[c]arpentry in the construction of detached private residences for occupancy by one or two families and private garages in connection therewith," subject to certain exclusionary endorsements not material here. Plaintiff's general insuring agreement is "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined and designated in the declarations." The policy also contains, in somewhat modified form, the "products and completed operations" provision construed in Arnold v. Edelman, supra, and Rafiner Elevator Works v. Michigan Mutual Liability Company, supra, which we need not quote at length. Under the heading "Exclusions," it is provided by paragraph (a) (1) (b) of the policy that coverage does not extend ". . . to the ownership, maintenance, operation, use, loading or unloading of . . . automobiles if the accident occurs away from premises owned by, rented to or controlled by the named insured or the ways immediately adjoining." The policy limits for bodily injury are $25,000 each person and $50,000 each accident.

The accident occurred on Sunday, June 5, 1966, while defendants C. R. Berry (the insured), Clarence Berry and Clarence

---

1. Generally similar to those considered and construed in such cases as McNally v. American States Insurance Company, 6 Cir., 308 F.2d 438; Arnold v. Edelman, Mo., 392 S.W.2d 231, and Rafiner Elevator Works, Inc. v. Michigan Mutual Liability Company, Mo., 392 S.W.2d 240.

Berry, Jr., were moving a radial arm saw from the residence of one Willis Hill to storage at the insured's warehouse in Malden, Missouri. The insured had built the house in which Mr. Hill lived, and had left the saw behind. The saw was picked up at Mr. Hill's request because "the kids were playing out there on it." The insured, his brother, Clarence Berry, Jr., and their father, Clarence Berry, went to the Hill residence and loaded the saw onto a pickup which belonged to the insured. The insured testified that his brother was an employee and that his father "was just helping us." Clarence, Jr., drove the truck, and the other two Berrys started following in an automobile. As they traveled toward the warehouse it became apparent that the saw might fall out of the truck, and Mr. Berry, Sr., got into the truck bed to prevent its doing so. As the truck passed a house which the insured owned, the arm of the saw swung around, struck the insured's father and "knocked him out of the truck." He sustained injuries when he fell into the street.

It appears vaguely in the record that there may be other coverage on the truck, but the plaintiff filed this action, making all the Berrys parties and setting forth the substance of the facts we have just recited by allegation and by incorporation of the policy and the petition filed by defendant Clarence Berry and his wife. The plaintiff insurer further alleged that the defendants were not engaged in "carpentry," within the meaning of the policy; that the accident did not occur on "premises owned by, rented to or controlled by the named insured," as that phrase is properly construed; and that the insured had failed to cooperate with the plaintiff in certain respects, as required by the policy provisions. Plaintiff prayed a declaration and determination of its rights and duties, including (a) a declaration that the accident was not covered by the policy; (b) that the plaintiff had no duty or obligation to defend the suit pending against the insured, C. R. Berry, or to pay any damages which defendants Clarence Berry and his wife

might recover; or (c) a declaration that the insured's failure to cooperate had relieved it of any obligation to defend the suit or satisfy any judgment obtained against the insured. The trial court resolved all the issues tendered against the plaintiff. The plaintiff then filed a timely but unavailing motion to amend the judgment or render judgment for the plaintiff, or in the alternative for a new trial. The court denied the motion and the plaintiff appealed to this court.

■ The plaintiff has noticed the question of our appellate jurisdiction and our Supreme Court's ruling in Travelers Indemnity Company v. Bohn, Mo., 460 S.W. 2d 642, 644[1], but urges that the present case is indistinguishable from Republic Insurance Company v. Hearn, Mo., 414 S.W. 2d 549; M.F.A. Mutual Ins. Co. v. Quinn, Mo., 251 S.W.2d 633; Cotton v. Iowa Mutual Liability Ins. Co., 363 Mo. 400, 251 S. W.2d 246, and Tickner v. Union Insurance Company, Mo.App., 425 S.W.2d 483, 485[1], an opinion of this court filed before the *Travelers* case was decided. Defendants make no point of our jurisdiction or want of it, but of course that is a matter into which we must inquire for ourselves. Mo.Const. art. V, § 11, V.A.M.S.; Nance v. Kimbrow, Mo.App., 460 S.W.2d 290, 291[1]; In re Boeving's Estate, Mo. App., 388 S.W.2d 40, 43[1].

The notice of appeal was filed in the trial court on May 25, 1971, before the constitutional amendments of 1970 became effective. Our jurisdiction was then limited to those appeals where the amount in dispute, exclusive of costs, did not exceed the sum of $30,000. § 477.040, R.S.Mo. (1969), as amended L.1969, Third Extra Session, p. 110. Prior to the constitutional amendments of 1970 there was always a monetary limit on the jurisdiction of the Courts of Appeals, but while the constitutional and statutory language imposing that limit was simple and direct, it was often difficult in practice to ascertain what the "amount in dispute" actually was. See

1964 Wash.U.L.Q. pp. 618–709. One standard rule was that if the plaintiff appealed his non-recovery, the amount bona fide claimed in his petition determined jurisdiction. Crouch v. Tourtelot, Mo., 350 S.W.2d 799, 803[3]; Nydegger v. Mason, Mo., 315 S.W.2d 816, 817[1]; 1964 Wash. U.L.Q. § 9.015, pp. 628–630. However, another well-established rule, applied in many situations, was that the Supreme Court's jurisdiction attached on account of the amount in dispute only when the record affirmatively showed with certainty that the amount in dispute, regardless of all contingencies, exceeded the monetary limit of the Court of Appeals' jurisdiction. Jackson County Public Water Supply District No. 1 v. Ong Aircraft Corporation, Mo., 388 S.W.2d 893, 895–896[2]; Emerson Electric Mfg. Co. v. City of Ferguson, Mo., 359 S.W.2d 225, 228[2]. The relief sought in a declaratory judgment action of the kind now before us was held to be a mere declaration concerning the possible existence of liability, and it was said that the amount in dispute remained contingent because the circumstance giving rise to a liability might never arise. Republic Insurance Company v. Hearn, supra, 414 S.W.2d at 551[1, 2]; National Surety Corporation v. Burger's Estate, Mo., 183 S.W.2d 93, 95[1]. Therefore, as a corollary to the second general principle stated above, it was held that the mere possibility of a settlement or judgment against the insured exceeding the jurisdictional limit of the Courts of Appeals after a declaratory judgment establishing or denying coverage did not vest the Supreme Court with jurisdiction of the appeal from the declaratory judgment. Republic Insurance Company v. Hearn, supra, 414 S.W.2d at 551[1, 2]; Cotton v. Iowa Mut. Liability Ins. Co., supra, 363 Mo. at 404–405, 251 S.W.2d at 249[1–5]. We merely followed what we considered to be the controlling precedents in Tickner v. Union Insurance Company, supra, 425 S.W.2d 483.

In Travelers Indemnity Company v. Bohn, supra, 460 S.W.2d 642, our Supreme Court seems to have given fresh considera-tion to the jurisdictional question involved here. In that case, the Supreme Court had before it an appeal very similar to the case at hand, but retained jurisdiction as against the claim that it lacked jurisdiction because of the amount in dispute. We need not restate the court's opinion at length, but it reached the conclusion, as we read the case, that the jurisdictional issue was controlled by Crouch v. Tourtelot, supra, and a long line of cases cited therein holding that when a plaintiff had been finally defeated on the pleadings or by adverse judgment, the amount which he had bona fide claimed in his petition fixed the "amount in dispute" for appellate jurisdictional purposes. Crouch v. Tourtelot, supra, 350 S.W.2d at 802–803[2–5]. The court concluded its discussion of the jurisdictional issue by saying, 460 S.W.2d at 644: ". . . [Here] the plaintiff has, in effect, by its contract placed itself *in the shoes* of [the insured] and has assumed not only the duty of defending his damage suit, but of paying any judgment rendered therein. . . . If no suit was pending and no definite value fixed on the original claim, then plaintiff's liability might well be contingent, within the meaning of our cases. We rule that we do have jurisdiction."

▪ It is our constitutional duty to follow the last controlling decision of our Supreme Court, Mo.Const. art. V, § 2, V.A.M.S.; Gennari v. Prudential Insurance Company of America, Mo.App., 324 S.W.2d 355, 361–362[5], and we are unable to distinguish this appeal, as far as appellate jurisdiction is concerned, from the *Travelers* case. A suit was pending when the instant action was filed. The amount claimed by the plaintiffs is known, and it exceeds the sum of $30,000. The amount of plaintiff's coverage exceeds the sum of $30,000, and the trial court has held that the accident in which plaintiff Clarence C. Berry was injured is fully covered. Notice of appeal was filed in the court below on May 25, 1971, and appellate jurisdiction is to be determined as of that date. Paisley

v. Liebowits, Mo., 347 S.W.2d 178, 180[1]; Nance v. Kimbrow, supra, 460 S.W.2d at 291. Believing, upon the authority of the *Travelers* case, that we are without jurisdiction because of the amount in dispute, we therefore order the cause transferred to the Supreme Court of Missouri.

TITUS, C. J., and STONE, J., concur.