GREENE, P.J., and LOWENSTEIN, WHIPPLE and PUDLOWSKI, Special Judges, concur.

**In the Matter of ST. FRANCIS LEVEE DISTRICT OF MISSOURI.**

No. 15075.

Missouri Court of Appeals,
Southern District,
Division Two.

July 30, 1987.

James E. Reeves, Ward & Reeves, Caruthersville, for plaintiff-appellant.

MAUS, Judge.

St. Francis Levee District of Missouri is a levee district existing and organized under §§ 245.010 to 245.280. This action was commenced by the petition of the levee district for a readjustment of assessment of benefits under § 245.197. The issues on appeal concern the compensation of commissioners appointed under § 245.197.4. The following is an outline of the facts presented by the record.

Petition was filed on April 30, 1982. On August 27, 1982, following notice and a hearing, the court made the findings required by § 245.197.3 and ordered that there be a readjustment of the assessment of benefits as prescribed in § 245.197. The court continued the matter for the appointment of commissioners. On January 17, 1983, three commissioners were appointed. On August 6, 1984, the levee district filed its voluntary dismissal of the petition without prejudice. On September 6, 1985, the court set the case for the fixing of the compensation of the commissioners. On September 18, 1985, a hearing was held upon that subject. The matter was taken under advisement. The Report of Commissioners was filed that day. On December 13, 1985, the court entered an order finding there was no specific amount authorized by law for compensation of the commissioners and that the court was authorized to fix such compensation at a reasonable amount. It found the commissioners met 11 times and appeared before the court on two other occasions with 42 hours spent on the meetings and 4 hours on the court appearances. The court decreed that each commissioner should be compensated $1,050 and paid the travel expenses submitted to the court. The levee district appealed. The voluntary dismissal by the levee district was held to be ineffective and that appeal was dismissed as premature. *St. Francis Levee District of Missouri v. Hedgepeth,* 720 S.W.2d 777 (Mo.App.1986).

Thereafter, on January 21, 1987, the court entered a judgment confirming the compensation and expenses for the commissioners and entered a judgment against the levee district for the payment of such compensations and expenses. It further adjudged that the cause was dismissed at the cost of the levee district. Again, the levee district appeals.

The basic contention of the levee district is that the compensation of the commissioners is limited to five dollars per day. Section 245.197.4 provides the commissioners shall make their report and the same proceedings shall be had thereon, as nearly as may be, as provided in §§ 245.010 to 245.280 for the assessment of benefits accruing

from the original construction. By reason of this direction, § 245.120 is applicable to proceedings for readjustment under § 245.197.

Prior to amendment effective September 28, 1985, § 245.120 in part provided that each commissioner "shall be paid five dollars per day for his services, and necessary expenses in addition thereto." Subsequent to that amendment the section provided that "each commissioner shall be paid an amount set by the court for each day for his services, and necessary expenses in addition thereto." The levee district argues that all services performed by the commissioners occurred before that effective date. It argues that to award compensation pursuant to the amendment is to give the enactment retroactive effect contrary to Art. 1, § 13 of the Constitution of Missouri.

■ That contention is cause for this court to consider sua sponte its jurisdiction to determine this appeal. In pertinent part Art. 5, § 3 of the Constitution of Missouri provides the Supreme Court shall have exclusive appellate jurisdiction in all cases involving the *validity* of a statute of this state. At first blush, the contention of the levee district might seem to invoke this exclusive appellate jurisdiction. However, there is a distinction between the *construction* of a statute and the determination of the *validity* of a statute. This is recognized in Art. 5, § 3 by providing the Supreme Court shall have exclusive appellate jurisdiction in all cases involving the *construction* of the revenue laws of this state.

While the present and past constitutional provisions defining the exclusive jurisdiction of the Supreme Court are different in scope and language, decisions under prior constitutions on this point appear applicable.

> To invest this court with jurisdiction, the challenge must be that the statute is inherently and totally invalid. The challenge, to be effective to invest this court with jurisdiction, must attack the validity of the statute in any event, and the postulate that a certain interpretation of the statute renders it invalid is insufficient.

*Service Purchasing Co. v. Brennan,* 32 S.W.2d 81, 83 (Mo.1930). Also see *Cotton v. Iowa Mut. Liability Ins. Co.,* 363 Mo. 400, 251 S.W.2d 246 (1952); *Chilton v. Drainage District No. 8,* 332 Mo. 1173, 61 S.W.2d 744 (1933). An example of the application of that principle in determining whether or not a statute was to be applied retroactively may be found in *State v. Sanderson,* 124 S.W.2d 1071 (Mo.1939). Also see *International Telemeter of Columbia Corporation v. City of Columbia,* 478 S.W.2d 391 (Mo.1972). This court has jurisdiction to consider this appeal.

▪ In relevant part, Art. 1, § 13 provides "that no ... law, ... retrospective in its operation, ... can be enacted." A statute must, if possible, be construed in favor of constitutionality. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31 (Mo. banc 1982), appeal dism'd, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983).

> It is generally said that a statute is presumed to operate prospectively—only, unless a contrary intent of the legislature appears. *Lincoln Credit Company v. Peach,* 636 S.W.2d 31 (Mo. banc 1982), appeal dism'd, 459 U.S. 1094 [103 S.Ct. 711, 74 L.Ed.2d 942] (1983). However, this presumption only applies to those statutes which affect *substantive* rights as opposed to 'remedial,' or nonsubstantive rights. *Clark v. Kansas City, St. Louis & Chicago Railroad Company,* 219 Mo. 524, 118 S.W. 40, 43 (1909). It is to be observed, furthermore, that Article I, § 13 of the Missouri Constitution prohibits retrospective laws, but that in order to be retrospective within the meaning of this constitutional proscription, the law must 'take away [existing vested civil rights], or it must create a new obligation, impose a new duty, or attach a new disability in respect to gone-by transactions....'

*Aherron v. St. John's Mercy Medical Center,* 713 S.W.2d 498, 502 (Mo. banc 1986) (emphasis in original). For example, an amendment abolishing the limit on a recovery for wrongful death affects substantive rights and must be construed to be applied prospectively. *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409 (Mo. banc 1974). However, a contingent expectancy for Medicaid reimbursement is not a vested right and a schedule for reimbursement may be applied retrospectively. *Dept. of Social Services v. Villa Capri Homes, Inc.,* 684 S.W.2d 327 (Mo. banc 1985). Persuasive in respect to the issue at hand, is a determination that an amendment providing for interest upon an award upon the abandonment of a condemnation action affects substantive rights and the amendment was construed to be prospective only. *Center School District No. 58 of Jackson Co. v. Kenton,* 345 S.W.2d 120 (Mo.1961). Also see *Missouri State Park Board v. McDaniel,* 513 S.W.2d 447 (Mo.1974). The amendment to § 245.120 places an additional burden upon the levee district and affects substantive rights and is construed to be prospective.

▪ The levee district further contends the commissioners should receive no compensation because the report filed is not in the form prescribed by § 245.120. The report is far from the form contemplated by that section. However, this appeal has been submitted upon the legal file. A transcript of the hearing concerning the compensation of the commissioners is not before this court. This court cannot on this record determine if the commissioners report is so inadequate that it is in essence no report and the commissioners can be denied compensation.

The judgment is reversed. The cause is remanded for the determination of the number of days each commissioner engaged in the performance of his duties. The court shall then enter a judgment assessing the compensation of each commissioner at five dollars per day for each day he was so engaged and for the expenses heretofore approved.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.